RADECKI v DIRECTOR OF BUREAU OF WORKER'S DISABILITY
COMPENSATION

Docket No. 166784. Submitted October 18, 1994, at Detroit. Decided
December 6, 1994, at 9:15 A.M.

Casimir Radecki and others brought an action in the Wayne
Circuit Court against the Director of the Bureau of Worker's
Disability Compensation and others, seeking a writ of manda-
mus to compel the defendant director to recalculate tables for
the average weekly wage and eighty percent of the after-tax
average weekly wage for the years 1988 to 1992. Section 313 of
the worker's compensation act, MCL 418.313; MSA 17.237(313),
as adopted in 1980 and amended in 1982, requires the defen-
dant director to publish annually such tables. The plaintiffs
contended that, following a 1987 amendment of the state
Income Tax Act that incorporated the Internal Revenue Code
of 1986 into the act, the tables should reflect the use of the
standard deduction adopted in the Internal Revenue Code of
1986 in place of the zero bracket amount in calculating federal
income tax liability. The court, Richard C. Kaufman, J., denied
the requested order of mandamus and dismissed the action. The
plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion by denying the
writ of mandamus inasmuch as the plaintiffs did not have a
clear legal right to have the tables recalculated. In the absence
of an amendment of MCL 418.313; MSA 17.237(313) that adopts
by reference the Internal Revenue Code of 1986, § 313 must be
construed to continue to refer to the Internal Revenue Code as
formulated in 1980 and 1982, when § 313 was adopted and
amended to require calculation of federal income tax liability
pursuant to the Internal Revenue Code in 1980 and 1982.

2. The incorporation of the Internal Revenue Code of 1986 by
reference in § 112 of the state Income Tax Act is effective for
purposes of that act only and does not affect the calculation of
federal income tax liability for purposes of § 313 of the worker's
compensation act.

3. The plaintiffs' equal protection argument lacks merit,
given their failure to show that there is no rational basis
relating to a governmental purpose for according different

treatment to worker's compensation claimants injured in 1993 and thereafter.

Affirmed.

*Prather & Foley, P.C.* (by *James R. Stearns*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Rose A. Houk,* Assistant Attorney General, for Director of Bureau of Worker's Disability Compensation.

*Thomas M. Malone* and *James W. Seitz,* for ANR Freight System, Inc.

*Bodman, Longley & Dahling* (by *Theodore Souris* and *James A. Smith*), for General Motors Corporation and State Farm Fire & Casualty Company.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana* and *Michael E. Thoits*), for United States Fidelity & Guaranty Company.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for Roadway Express, Inc.

Before: CAVANAGH, P.J., and T. G. KAVANAGH* and L. V. BUCCI,** JJ.

PER CURIAM. Plaintiffs in this worker's compensation case appeal as of right from a circuit court order denying reconsideration of an order denying plaintiffs' petition for a writ of mandamus and dismissing the case. We affirm.

The Worker's Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.,* provides

_____

* Former Supreme Court justice, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

at § 351(1), MCL 418.351(1), MSA 17.237(351)(1), for payment of a weekly benefit to an injured worker of "80% of the employee's after-tax average weekly wage, but not more than the maximum weekly rate of compensation, as determined under section 355." Section 313 of the act provides:

(1) As used in this act, "after-tax average weekly wage" means average weekly wage as defined in section 371 reduced by the prorated weekly amount which would have been paid under the federal insurance contributions act, 26 U S C 3101 to 3126, state income tax and federal income tax, calculated on an annual basis using as the number of exemptions the disabled employee's dependents plus the employee, and without excess itemized deductions. Effective January 1, 1982, and each January 1 thereafter, the applicable federal and state laws in effect on the preceding July 1 shall be used in determining the after-tax weekly wage.

(2) Each December 1 the director shall publish tables of the average weekly wage and 80% of after-tax weekly wage that are to be in effect on the following January 1. These tables shall be conclusive for the purpose of converting an average weekly wage into 80% of after-tax average weekly wage. [MCL 418.313; MSA 17.237(313).]

Effective December 28, 1987, the Legislature amended the state Income Tax Act of 1967, MCL 206.1 *et seq.*; MSA 7.557(101) *et seq.,* to incorporate the United States Internal Revenue Code of 1986, which eliminated the zero bracket amount and replaced it with a standard deduction for purposes of calculating federal income tax liability. MCL 206.12; MSA 7.557(112). The standard deduction was not used to calculate the tables of the average weekly wage and eighty percent of the after-tax average weekly wage for the years 1988 through 1992.

Plaintiffs sought a writ of mandamus to .compel defendant Jack Wheatley, Director of the Bureau of Worker's Disability Compensation, to recalculate the benefit rate tables for all recipients of worker's disability compensation benefits with injury dates between 1988 and 1992, inclusive. The circuit court denied the petition and dismissed the case, and subsequently denied plaintiffs' motion for reconsideration. This appeal followed.

Plaintiffs argue that the circuit court erred in denying their petition for a writ of mandamus. We disagree.

A trial court's decision to deny a writ of mandamus will not be reversed absent an abuse of discretion. *Keaton v Village of Beverly Hills,* 202 Mich App 681, 683; 509 NW2d 544 (1993); *McDonald's Corp v Canton Twp,* 177 Mich App 153, 155-156; 441 NW2d 37 (1989).

 Mandamus is an extraordinary remedy that will be granted only where there is no other remedy, legal or equitable. A writ of mandamus will only be issued where: (1) the plaintiff has a clear legal right to performance of the specific duty sought to be compelled; (2) the defendant has the clear legal duty to perform the act; and (3) the act is ministerial, i.e., there is no room for the exercise of discretion. *Keaton, supra; Delly v Bureau of State Lottery,* 183 Mich App 258, 261; 454 NW2d 141 (1990). The party seeking the writ must prove entitlement to such relief. *Keaton, supra* at 684; *McDonald's Corp, supra* at 156.

We first consider whether plaintiffs had a clear legal right to have the rate tables recalculated and defendant a clear legal duty to recalculate the tables.

Plaintiffs argue that because the Legislature amended the state Income Tax Act to adopt the

1986 Federal Tax Reform Act, § 313 of the Worker's Disability Compensation Act must also be read to incorporate the amended Internal Revenue Code. We disagree.

Statutes that incorporate existing federal statutes by reference are valid and constitutional. *Pleasant Ridge v Governor,* 382 Mich 225, 243-248; 169 NW2d 625 (1969); *People v Urban,* 45 Mich App 255, 262-263; 206 NW2d 511 (1973). However, it is an unlawful delegation of legislative power to adopt by reference future legislation enacted by another sovereign entity. *Urban, supra.*

Thus, when a Michigan statute adopts by reference a federal law that is subsequently amended, but the Michigan statute remains unchanged, the courts are constitutionally required to construe the statute as continuing to refer to the original federal enactment before amendment. By failing to amend the Michigan statute, the Legislature is presumed to have intended to freeze the federal law as it was at the time of the original state statute. *Id.* at 264.

We conclude that, by failing to amend the Worker's Disability Compensation Act to incorporate the 1986 federal tax reforms, the Legislature intended the act to continue to refer to the pre-1986 Internal Revenue Code. See *Michigan ex rel Oakland Co Prosecutor v Dep't of Corrections,* 199 Mich App 681, 690-691; 503 NW2d 465 (1993).

Plaintiffs attempt to support their argument by reference to MCL 8.3u; MSA 2.212(21), which provides in part that "[i]f any provision of a law is repealed and in substance re-enacted, a reference in any other law to the repealed provision shall be deemed a reference to the reenacted provision." Plaintiffs contend that because MCL 206.12; MSA 7.557(112) was amended in 1987 to refer to the Internal Revenue Code of 1986, § 313 should also

be read as referring to the amended Internal Revenue Code. This argument must fail.

First, MCL 206.12; MSA 7.557(112) is a definitional section of the state Income Tax Act adopted only for purposes of that act. MCL 206.2(1); MSA 7.557(102)(1). Secondly, the state Income Tax Act and the Worker's Disability Compensation Act should not be read and construed together because the statutes do not relate to the same class of persons or things, nor do they have a common purpose, i.e., they are not in pari materia. See *Michigan Humane Society v Natural Resources Comm,* 158 Mich App 393, 401; 404 NW2d 757 (1987). Thirdly, the rule set forth in MCL 8.3u; MSA 2.212(21) applies only to the construction of state statutes; it is inapplicable in the context of a federal statute. MCL 8.3; MSA 2.212.

Section 313 must be construed as referring to the United States Internal Revenue Code as it existed at the time of the section's adoption in 1980 or its amendment in 1982. The Worker's Disability Compensation Act could not constitutionally incorporate subsequent amendments of the federal Internal Revenue Code. Consequently, plaintiffs did not have a clear legal right to have the rate tables recalculated, nor did defendant have the clear legal duty to recalculate the tables. The trial court did not abuse its discretion by denying the petition for a writ of mandamus.

In light of the above determination, we need not consider plaintiffs' remaining issues on appeal. However, we note that plaintiffs' equal protection argument is without merit, because plaintiffs have failed to show that there is no rational basis relating to a legitimate governmental purpose for according different compensation treatment to those injured in 1993 and thereafter. *Doe v Dep't*

*of Social Services,* 439 Mich 650, 661-662; 487 NW2d 166 (1992); *Wartella v East Detroit,* 161 Mich App 552, 556; 411 NW2d 751 (1987).
Affirmed.