RICHLAND TOWNSHIP v STATE TAX COMMISSION

Docket No. 151635. Submitted October 11, 1994, at Lansing. Decided April 28, 1995, at 9:30 A.M.

Owners of thirty-one of the forty-nine commercial parcels of property in Richland Township challenged the township assessor's across-the-board increase in their 1991 assessments to the Richland Township Board of Review. The board of review rolled back the assessments of those thirty-one parcels to 1990 levels. The Montcalm County Board of Commissioners then met to perform an intracounty equalization, determined that the assessed value of the township's commercial property was less than its equalized value, and adopted an equalization factor to be applied to the township's commercial parcels. At the same time, the State Tax Commission investigated and determined that the board of review's action had resulted in a nonuniform assessment roll, violated the constitution's requirement of a uniform assessment roll, and also violated the due process and equal protection rights of the eighteen owners of parcels that did not appeal their 1991 assessments. The commission entered an order rendering the board of review's actions null and void and reinstating the assessments proposed by the township's assessor. The township obtained a temporary restraining order in the Ingham Circuit Court to prevent the commission from conducting hearings to allow the township's property owners to challenge the assessments reset by the commission's order. The township then brought an action against the commission in the Ingham Circuit Court, seeking review of the commission's order or a declaration that the commission did not have jurisdiction to review the actions of the board of review. The court, Peter D. Houk, J., granted summary disposition for the township, declaring the commission's order null and void. The court held that the Tax Tribunal had exclusive jurisdiction to review the board of review's actions in reducing the assessments. The commission appealed.

The Court of Appeals *held:*

REFERENCES
Am Jur 2d, State and Local Taxation §§ 731-738.
See ALR Index under Taxes.

1. The State Tax Commission does not have statutory authority, after determining that a local governmental unit's assessment rolls have been prepared improperly, to overturn the actions of a local board of review.

2. The Tax Tribunal Act, 1973 PA 186, vested the Tax Tribunal with jurisdiction over matters previously heard by the State Tax Commission as an appellate body, including individual assessments, allocation disputes, and intracounty equalization. Where the commission exercises the purely administrative powers it retained after the enactment of 1973 PA 186 and determines that an irregularity has occurred in the preparation of a local governmental unit's assessment rolls, appellate review of the alleged irregularity is vested in the original and exclusive jurisdiction of the Tax Tribunal.

3. A party, including the State Tax Commission, aggrieved by a decision of a board of review may seek administrative review of the decision by the Tax Tribunal.

4. The trial court properly found that the State Tax Commission's determination, following an investigation, that the assessment rolls certified by the Richland Township Board of Review were prepared improperly and nonuniform was reviewable by the Tax Tribunal.

Affirmed.

TAXATION — STATE TAX COMMISSION — TAX TRIBUNAL — JURISDICTION — APPELLATE REVIEW.

The Tax Tribunal Act vested the Tax Tribunal with jurisdiction regarding matters previously heard by the State Tax Commission as an appellate body; therefore, where the State Tax Commission exercises the purely administrative powers it retained after enactment of the act and determines that an irregularity has occurred in the preparation of a local governmental unit's assessment rolls, appellate review of the alleged irregularity is vested in the original and exclusive jurisdiction of the Tax Tribunal (MCL 205.701 *et seq.*; MSA 7.650[1] *et seq.*).

*Reed, Stover & O'Connor, P.C.* (by *Richard D. Reed* and *James W. Porter*), for Richland Township.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins* and *Ross H. Bishop,* Assistant Attorneys General, for the State Tax Commission.

Before: Holbrook, Jr., P.J., and McDonald and R. L. Evans,* JJ.

Holbrook, Jr., P.J. Defendant State Tax Commission appeals as of right from the Ingham Circuit Court order that granted plaintiff Richland Township's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

I

In early 1991, the Richland Township assessor established the 1991 assessments for all forty-nine commercial parcels in the township by applying an across-the-board increase of 17.6 percent, based in large part on a county equalization study that purported to demonstrate that the 1990 assessment levels of the parcels no longer reflected true cash value. Owners of thirty-one of the forty-nine commercial parcels challenged their increased assessments to the Richland Township Board of Review. Determining that the assessment roll was improper, inasmuch as it was based on an improperly prepared equalization study, the board rolled back the assessments of the thirty-one commercial parcels to 1990 levels.

Following the board of review's action, the Montcalm County Board of Commissioners met in April 1991 to perform the intracounty equalization. After determining that the assessed value of Richland Township's commercial class of property was less than its equalized value, the equalization director recommended, and the Montcalm County Board of Commissioners adopted, an equalization factor of 1.11839 to be applied to the township's commercial parcels.

_____
* Recorder's Court judge, sitting on the Court of Appeals by assignment.

During this time period, the State Tax Commission (STC) became aware of the actions of the Richland Township Board of Review and began an investigation into the matter. The STC determined that the board of review's action had resulted in a nonuniform assessment roll, i.e., assessments of the eighteen commercial parcels whose owners had not appealed their increased assessments to the board of review were not rolled back to 1990 levels, and application of the intracounty equalization factor had exacerbated the disparity. The STC concluded that the board of review's actions had violated the Michigan Constitution, which requires a uniform assessment roll, see Const 1963, art 9, § 3, and also violated the due process and equal protection rights of the owners of the eighteen parcels. On June 28, 1991, the STC entered an order rendering the actions of the board of review null and void and reinstating the assessor's proposed assessments.

The STC prepared to conduct its own hearings to allow property owners to challenge their assessments as reset by the STC, intending to act not merely as an appellate body by hearing appeals from the board of review, but rather to take over the function of the township board of review. The STC asserted that any decision it made at these hearings would be appealable by the aggrieved party to the Tax Tribunal. Richland Township sought and obtained a temporary restraining order from the circuit court to prevent such hearings.

On July 29, 1991, the township brought this action seeking judicial review of the STC's June 28, 1991, order or, in the alternative, a declaratory judgment that the STC was without jurisdiction to review the actions of the board of review. Plaintiff township moved for summary disposition pursuant to MCR 2.116(C)(10). The circuit court granted

plaintiff's motion, declaring the STC's June 28, 1991, order null and void. The court held that review of the Richland Township Board of Review's actions in reducing the assessments for the thirty-one parcels of commercial property was within the exclusive jurisdiction of the Tax Tribunal and that the STC lacked jurisdiction to conduct such a review.

II

The gravamen of this appeal is whether the State Tax Commission has statutory authority, after determining that a local governmental unit's assessment rolls have been improperly prepared, to overturn the actions of a local board of review. We hold that it does not.

A

The General Property Tax Act (GPTA), MCL 211.1 et seq.; MSA 7.1 et seq., provides for the annual assessment and equalization of property for ad valorem tax purposes. The principal successive steps in the process include assessment of individual parcels by the local assessor at fifty percent of true cash value, intracounty equalization by each county's board of commissioners, and intercounty (state) equalization by the STC.

Before 1974, the STC was the primary state agency involved in the administration of the property tax laws, performing the dual roles of investigating complaints and hearing appeals of various types. See In re Dearborn Clinic & Diagnostic Hosp, 342 Mich 673; 71 NW2d 212 (1955). Pursuant to the GPTA, a taxpayer who wished to contest an assessment could appeal to the STC or bring a lawsuit in the circuit court. MCL 211.152, 211.53;

MSA 7.210, 7.97. *Xerox Corp v Kalamazoo,* 76 Mich App 150, 152-153; 255 NW2d 797 (1977).

With enactment of the Tax Tribunal Act, 1973 PA 186; MCL 205.701 *et seq.;* MSA 7.650(1) *et seq.,* the Legislature created the Michigan Tax Tribunal:

> The tribunal's exclusive and original jurisdiction shall be:
> (a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.
> (b) A proceeding for refund or redetermination of a tax under the property tax laws. [MCL 205.731; MSA 7.650(31).]

The act further provides:

> A person or legal entity which, immediately before the effective date of this act, was entitled to proceed before the state tax commission or circuit court of this state for determination of a matter subject to the tribunal's jurisdiction, as provided in [MCL 205.731; MSA 7.650(31)], shall proceed only before the tribunal. [MCL 205.741; MSA 7.650(41).]

Section 7 of the Tax Tribunal Act provides that its provisions "are effective notwithstanding the provisions of any statute, charter, or law to the contrary." MCL 205.707; MSA 7.650(7). Thus, the act vested the Tax Tribunal with jurisdiction over matters previously heard by the STC as an appellate body including individual assessments, allocation disputes, and intracounty equalization. *Emmet Co v State Tax Comm,* 397 Mich 550, 553-555; 244 NW2d 909 (1976); *Consumers Power Co v Big Prairie Twp,* 81 Mich App 120, 152-160; 265 NW2d 182 (1978). See also *Washtenaw Co v State Tax*

*Comm,* 422 Mich 346, 366, n 3; 373 NW2d 697 (1985).

### B

Notwithstanding the above, the STC asserts that it was not acting as an appellate body in reviewing the actions of the Richland Township Board of Review. Rather, the STC asserts that it acted pursuant to § 150 of the GPTA, which provides in pertinent part:

> It shall be the duty of the commission:
>
> * * *
>
> (3) To receive all complaints as to property liable to taxation that has not been assessed or that has been fraudulently or improperly assessed, and to investigate the same, and to take such proceedings as will correct the irregularity complained of, if any is found to exist. [MCL 211.150; MSA 7.208.]

Thus, the STC claims that it "investigated" the board's actions and, upon finding an "irregularity," attempted to "correct" it. We are unpersuaded by the STC's efforts to characterize its actions as falling outside the ambit of the Tax Tribunal's plenary authority to review final decisions regarding assessments and valuations.

Notwithstanding creation of the Tax Tribunal, we do not conclude that the STC is either irrelevant or superfluous. Indeed, we agree with the Attorney General, who has opined that the STC retained its purely administrative functions under the GPTA:

> The Tax Commission must comply with the provisions of sections 148, 149, 150, 151 and 152 of [the GPTA], except for those functions which were transferred to the Tax Tribunal . . . . Those func-

tions transferred were the appellate or review functions of the Tax Commission. The Tax Commission retains the purely administrative functions contained in sections 148, 149, 150, 151 and 152 of [the GPTA]. *Emmet County v State Tax Commission, supra.*

These administrative functions include, but are not limited to: taking possession of assessment rolls for use in carrying out the provisions of the act, issuing subpoenas, examining books and records of persons liable for property tax ([the GPTA], § 148, *supra*); conducting its meetings in accordance with the Open Meetings Act ([the GPTA], § 149, *supra*); exercising general supervision over the assessing officers of this state, requiring from any officer in this state reports to aid in the furtherance of its duties ([the GPTA], § 150, *supra*); issuing of a report to the Governor of this state setting forth the activities of the commission ([the GPTA], § 151, *supra*); and inspecting the various assessment rolls ([the GPTA], § 152, *supra*). [OAG, 1981-1982, No 6007, pp 450, 457-458 (November 18, 1981).]

Therefore, where the STC exercises its purely administrative powers and determines that an irregularity has occurred in the preparation of a local governmental unit's assessment rolls, appellate review of the alleged irregularity is vested in the original and exclusive jurisdiction of the Tax Tribunal.

Clearly, the party aggrieved by a decision of a board of review—i.e., the local governmental unit or individual taxpayer who protested an assessment to the board of review—is entitled to seek administrative review of the decision by the Tax Tribunal. MCL 205.741; MSA 7.650(41); see also *Detroit v Jones & Laughlin Steel Corp,* 77 Mich App 465; 258 NW2d 521 (1977). Moreover, consistent with the STC's retained administrative functions under the GPTA, even where the local govern-

mental unit declines to appeal, as happened in this case, the STC is implicitly authorized under its general supervisory authority over state tax laws to petition for review as a "party in interest" before the Tax Tribunal. See MCL 209.104, 209.153, 205.735(2); MSA 7.634, 7.622, 7.650(35)(2). Contrary to the STC's claim, the Tax Tribunal has broad powers to remedy any alleged irregularity in the assessment and valuation process. MCL 205.732, 205.755; MSA 7.650(32), 7.650(55); *Johnson v Michigan,* 113 Mich App 447; 317 NW2d 652 (1982). Thus, the STC's determination, following an investigation, that the assessment rolls certified by the Richland Township Board of Review were improperly prepared and nonuniform was reviewable by the Tax Tribunal.

Accordingly, we find that plaintiff Richland Township was entitled to judgment as a matter of law and that summary disposition was properly granted.

Affirmed.