COVERT TOWNSHIP v CONSUMERS POWER COMPANY

Docket No. 183669. Submitted May 15, 1996, at Grand Rapids. Decided
    June 25, 1996, at 9:10 A.M.

    Covert Township filed in the Michigan Tax Tribunal a petition seeking
        review of the state equalized value of a Consumers Power Com-
        pany plant, as determined on the basis of a true cash value figure
        fixed by the State Tax Commission, acting pursuant to a contract
        with the township, and as affirmed by the local board of review.
        The tribunal granted summary disposition for Consumers Power,
        ruling that the township lacked standing to invoke the jurisdiction
        of the tribunal. The township appealed.

        The Court of Appeals *held*:

        1. MCL 205.735; MSA 7.650(35), at the time the township filed its
        petition, provided that a disputed assessment must be protested
        before the local board of review before the Tax Tribunal could
        acquire jurisdiction of the dispute. Here, because the disputed
        assessment was not protested before the local board of review, the
        Tax Tribunal lacked jurisdiction of the assessment dispute.

        2. The party aggrieved by a decision of a local board of review is
        entitled to seek review by the Tax Tribunal. Here, the township is
        not an aggrieved party and therefore lacks standing inasmuch as
        the assessment determined by the State Tax Commission on behalf
        of the township was affirmed by the local board of review.

        3. Contrary to the township's claim, the township had, but did
        not take advantage of, an opportunity to amend its pleadings to
        allege fraud.

        Affirmed.

1. TAXATION — ASSESSMENT DISPUTES — TAX TRIBUNAL — JURISDICTION.

    An assessment dispute regarding the valuation of a property must be
        protested before the local board of review before the Tax Tribunal
        may acquire jurisdiction of the dispute (MCL 205.735; MSA
        7.650[35]).

2. TAXATION — ASSESSMENT DISPUTES — TAX TRIBUNAL — STANDING.

    The party aggrieved by a decision of a board of review regarding a
        disputed assessment is entitled to seek administrative review of the
        decision by the Tax Tribunal.

*Reed, Stover & O'Connor, P.C.* (by *Richard D. Reed* and *Patricia R. Mason*), for Covert Township.

*Vincent P. Provenzano* and *Miller, Canfield, Paddock, and Stone, P.L.C.* (by *Samuel J. McKim, III*, and *Joanne B. Faycurry*), for Consumers Power Company.

Before: DOCTOROFF, C.J., and NEFF and FITZGERALD, JJ.

PER CURIAM. Petitioner appeals as of right a February 21, 1995, order of the Michigan Tax Tribunal granting respondent's motion for summary disposition on the ground that petitioner did not have standing to file the petition and invoke the jurisdiction of the tribunal. We affirm.

Petitioner contractually engaged the State Tax Commission (STC) to appraise and determine the true cash value (TCV) of the Palisades nuclear plant for the purpose of establishing the 1994 assessed valuation of the plant. Respondent Consumers Power Company is the owner of the plant.[1] The STC assessed the plant at the State Equalized Value (SEV) of $126,506,000. The local board of review affirmed the STC's assessment.

On June 27, 1994, petitioner filed a petition with the Tax Tribunal, seeking review of the 1994 assessed value of the plant on the ground that the assessment undervalued the property. Respondent filed a motion for summary disposition pursuant to MCR 2.116(C)(4) (tribunal lacked subject-matter jurisdiction because the assessment was not protested to the local board

---

[1] Apparently, it was standard practice for the township to contract the assessment of the property to an outside certified level IV assessor because the Covert Township supervisor lacked the necessary certification to assess the property.

of review), (C)(5) (petitioner was not a party in interest and lacked standing to file a petition with the tribunal), and (C)(7) (petitioner relinquished right to petition because of its contract with the STC). Respondent supported its motion with two affidavits from company officials who averred that they appeared before the board of review to inform the board that they were satisfied with the 1994 assessment and that the appearance was to preserve the company's right to bring an appeal in the event that an equalization factor was placed on the property. Respondent attached the contract between petitioner and the STC to have the STC appraise and determine the true cash value of the property on which the assessed valuation for 1994 was to be calculated. Respondent also attached a copy of its March 19, 1994, petition before the board of review that indicated the reason for protest as: "SE value not to exceed 50% of TCV" and the board's action as: "Board accepts State Tax Comm. S.E.V. $126,506,000."

On August 30, 1994, petitioner filed its response in opposition to respondent's motion for summary disposition, arguing that respondent filed a petition before the board of review and "protested" sufficiently for the tribunal to have jurisdiction, that petitioner as a local unit of government is a party in interest, that it is not bound by the assessed value and the board of review determination, and that its contract with the STC did not preclude its appeal to the tribunal.

The Tax Tribunal granted respondent's motion for summary disposition on the ground that petitioner lacked standing to file the petition. The tribunal reasoned that petitioner was not an aggrieved party

because the board of review affirmed without modification the assessing officer's valuation of the property, thus binding the assessing authority and depriving it of standing to challenge the assessment absent a showing of fraud by the subject property owner that affects the valuation of the property.

Petitioner first contends that the tribunal erred in determining that petitioner lacked standing to challenge the 1994 assessment of the Palisades nuclear plant. Before reaching the issue of standing, however, it is necessary to first determine whether the Tax Tribunal has jurisdiction in this matter.

At the time petitioner filed its petition before the Tax Tribunal, MCL 205.735; MSA 7.650(35) provided in relevant part:[2]

> (1) A proceeding before the tribunal shall be original and independent and shall be considered de novo. For an assessment dispute as to the valuation of the property or where an exemption is claimed, the assessment must be protested before the board of review before the tribunal may acquire jurisdiction of the dispute under subsection (2)
>
> . . . .
>
> (2) The jurisdiction of the tribunal in an assessment dispute shall be invoked by the filing of a written petition by a party in interest, as petitioner, not later than June 30 of the tax year involved. . . .

The plain language of § 35 required that the assessment be protested before the board of review before the tribunal could acquire jurisdiction. See, e.g., *Parkview Memorial Ass'n v City of Livonia*, 183 Mich App 116, 118-119; 454 NW2d 169 (1990). It is clear in

---

[2] MCL 205.735; MSA 7.650(35) was amended by 1994 PA 254, effective July 5, 1994.

this case that a protest regarding the assessment was not brought by either party.[3] Consequently, the condition precedent to the Tax Tribunal's exercise of its jurisdiction to review the assessment of the property was not met, and the tribunal does not have jurisdiction over this matter.

Assuming that the tribunal had jurisdiction in this matter, the tribunal properly determined that petitioner did not have standing to invoke the jurisdiction of the Tax Tribunal to review the board of review's decision. In *Richland Twp v State Tax Comm*, 210 Mich App 328, 335; 533 NW2d 369 (1995), this Court held:

> [T]he party aggrieved by a decision of a board of review— i.e., the local governmental unit or individual taxpayer who protested an assessment to the board of review—is entitled to seek administrative review of the decision by the Tax Tribunal.

A party is aggrieved by a judgment or order when it operates on the party's rights and property, or bears directly on the party's interest. *Midland Cogeneration Venture Ltd Partnership v Public Service Comm*, 199 Mich App 286, 304; 501 NW2d 573 (1993). An appeal can be taken only by parties who are affected by the judgment appealed from. In other words, there must be some substantial rights of the parties that would be prejudiced by the judgment. *Grace Petroleum Corp v Public Service Comm*, 178 Mich App 309, 312-313; 443 NW2d 790 (1989).

---

[3] Although respondent appeared before the board of review, it did not protest or appeal the 1994 assessment. Rather, respondent appeared only to reserve the right to later appeal to the Tax Tribunal if the assessment was later increased through equalization.

Here, petitioner contracted with the STC to make the assessment and thus is bound by that assessment. The board of review affirmed petitioner's assessment; thus, petitioner was not an aggrieved party. Consequently, petitioner cannot establish that it had a substantial right prejudiced by that decision. *Id.* at 312. Accordingly, petitioner is not an aggrieved party and would not have standing to invoke the jurisdiction of the Tax Tribunal to review the board's decision.[4]

Petitioner also contends that the tribunal erred in failing to provide petitioner an opportunity to amend its pleadings to allege fraud. We disagree. Petitioner had the opportunity to amend its pleadings, see, e.g., MCL 205.735; MSA 7.650(35) and MCL 205.735(2); MSA 7.650(35)(2), but failed to do so.

Affirmed.

---

[4] Petitioner's reliance on *Consumers Power Co v Big Prairie Twp*, 81 Mich App 120; 265 NW2d 182 (1978), is misplaced. In that case, the issue was whether the tribunal could increase an assessment that was confirmed by the board of review. Unlike in the present case, the jurisdiction of the Tax Tribunal and the standing of the petitioner were not at issue because the property owner first petitioned the board of review for reduction of his assessment. The board of review denied the property owner's petition, and the property owner appealed to the Tax Tribunal.