RHODE v DEPARTMENT OF CORRECTIONS

Docket No. 196336. Submitted September 10, 1997, at Detroit. Decided December 23, 1997, at 9:15 A.M. Leave to appeal sought.

Theodore E. Rhode, a prisoner under the jurisdiction of the Department of Corrections, brought an action in the Ingham Circuit Court against the Department of Corrections and others, seeking a writ of mandamus directing the defendants to calculate the plaintiff's maximum prison sentence, pursuant to MCL 800.33; MSA 28.1403, to include good-time credits and special good-time credits from June 19, 1981, the date the plaintiff began serving his sentence of twenty to thirty years' imprisonment following his convictions in February 1982 of delivery of more than 225 grams but less than 650 grams of cocaine and conspiracy to deliver cocaine. The defendants argued that the plaintiff was ineligible to receive the credits. The court, William E. Collette, J. granted the plaintiff a writ of mandamus ordering the defendants to recalculate the plaintiff's sentence to include the credits. The Court of Appeals granted the defendants leave to bring an interlocutory appeal from the trial court's order.

The Court of Appeals *held*:

A prisoner convicted of delivering more than 225 grams but less than 650 grams of cocaine, MCL 333.7401(1) and (2)(a)(ii); MSA 14.15(7401)(1) and (2)(a)(ii), and conspiracy to deliver cocaine, MCL 750.157a; MSA 28.354(1), for crimes committed in June 1981, is not entitled to have good-time credit reductions under MCL 800.33; MSA 28.1403 applied to the calculation of the prisoner's maximum sentence. The order entered by the trial court must be vacated and the matter must be remanded for a recalculation of the plaintiff's maximum sentence.

1. The plain language of 1978 PA 80, MCL 800.33(4); MSA 28.1403(4), stating that good-time credits shall not apply to a person convicted of an offense proscribed by § 41(1)(a)(ii), as amended by 1978 PA 147, MCL 335.341(1)(a)(ii); MSA 18.1070(41)(1)(a)(ii), indicates the Legislature's intent to preclude persons convicted of such an offense from receiving good-time credits. Delivery of a controlled substance and conspiracy to deliver a controlled substance are offenses proscribed by MCL

335.341(1)(a)(ii); MSA 18.1070(41)(1)(a)(ii), as amended by 1978 PA 147.

2. Under MCL 800.33(2) and (4); MSA 28.1403(2) and (4), the plaintiff is not entitled to good-time credits computed under MCL 800.33(2); MSA 28.1403(2).

3. MCL 335.341; MSA 18.1070(41), as amended by 1978 PA 147, and recodified MCL 333.7401; MSA 14.15(7401) are substantially identical. The offenses listed at 1978 PA 80, MCL 800.33(4); MSA 28.1403(4), including MCL 335.341; MSA 18.1070(41), as amended, were replaced by substantially identical provisions in the Public Health Code at MCL 333.7401(1),(2)(a)-(b); MSA 14.15(7401)(1),(2)(a)-(b) and are the same offenses.

Vacated and remanded.

1. PRISONS AND PRISONERS — SENTENCES — GOOD-TIME CREDITS.

A prisoner convicted of delivering more than 225 grams but less than 650 grams of cocaine and conspiracy to deliver cocaine for crimes committed in June 1981 is not entitled to have good-time credit reductions under MCL 800.33; MSA 28.1403 applied to the calculation of the prisoner's maximum sentence (MCL 333.7401[1],[2][a][ii], 750.157a; MSA 14.15[7401][1],[2][a][ii], 28.354[1]).

2. PRISONS AND PRISONERS — SENTENCES — GOOD-TIME CREDITS — PRISONERS NOT ENTITLED TO CREDITS.

MCL 335.341; MSA 18.1070(41), as amended by 1978 PA 147, and recodified MCL 333.7401; MSA 14.15(7401) are substantially identical; the offenses listed at 1978 PA 80, MCL 800.33(4); MSA 28.1403(4), including MCL 335.341; MSA 18.1070(41), as amended, were replaced by substantially identical provisions in the Public Health Code at MCL 333.7401(1), (2)(a)-(b); MSA 14.15(7401)(1),(2)(a)-(b) and are the same offenses.

*Hugh M. Davis, Jr.*, and *Timothy M. Holloway*, for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Jason Julian*, Assistant Attorney General, for the defendants.

Before: HOLBROOK, JR., P.J., and WHITE and R. J. DAN-HOF*, JJ.

WHITE, J. Defendants bring an interlocutory appeal by leave granted from the circuit court's order granting plaintiff a writ of mandamus, which directed defendants to recalculate plaintiff's maximum prison sentence, pursuant to MCL 800.33; MSA 28.1403, to include the application of good-time credits and any applicable special good-time credits from the date plaintiff began serving his sentence. The issue is whether plaintiff, who was convicted of delivering cocaine greater than 225 grams but less than 650 grams, MCL 333.7401(1) and (2)(a)(ii); MSA 14.15(7401)(1) and (2)(a)(ii), and conspiracy to deliver cocaine, MCL 750.157; MSA 28.354(1), for crimes committed in June 1981, is entitled to have good-time credit reductions under MCL 800.33; MSA 28.1403 applied to the calculation of his maximum sentence. We conclude that plaintiff is not eligible for good-time credit reductions to his maximum sentence, vacate the circuit court's order, and remand for a recalculation of plaintiff's maximum sentence.

I

On April 22, 1982, plaintiff was sentenced to twenty to thirty years' imprisonment, following his jury convictions in February 1982 of delivery of cocaine greater than 225 grams but less than 650 grams and conspiracy to deliver cocaine. Plaintiff began serving his sentence on June 19, 1981.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

On August 25, 1995, plaintiff filed a complaint for a writ of mandamus to compel recalculation of credits toward his sentence and for his release. Plaintiff also sought injunctive relief and damages under 42 USC 1983 on the basis that he was illegally incarcerated as a result of defendants' failure to give him the proper good-time and special good-time credits on his maximum sentence. Plaintiff's complaint alleged that he was entitled to good-time and special good-time credits on his maximum sentence from the date his sentence began, June 19, 1981. He further alleged that defendants had only given him good-time credits for a period starting April 1, 1987, and had given him no special good-time credits.

Defendants filed a motion for summary disposition on March 14, 1996, arguing that plaintiff was ineligible to receive any good-time or special good-time credits because 1978 PA 80, MCL 800.33; MSA 28.1403, precluded persons convicted of an offense proscribed by MCL 335.341; MSA 18.1070(41), as amended by 1978 PA 147, from receiving such credits, and plaintiff's offense was proscribed by MCL 335.341; MSA 18.1070(41), as amended. Plaintiff argued that MCL 800.33(4); MSA 28.1403(4), which created the applicable exceptions to the good-time credits, did not include the statute plaintiff was convicted of violating, but rather created an exception for violators of MCL 335.341; MSA 18.1070(41), a statute under which plaintiff was not convicted.

The circuit court granted plaintiff a writ of mandamus on the basis that when plaintiff was convicted in 1982, MCL 800.33(4); MSA 28.1403(4) did not expressly except plaintiff's crime from good-time

credits. We granted defendants leave to bring an interlocutory appeal from that determination.

II

Mandamus is an extraordinary remedy that will issue only where the plaintiff proves a clear legal right to performance of the specific duty sought to be compelled and that the defendant has a clear legal duty to perform the requested act. *Univ Medical Affiliates, PC v Wayne Co Executive*, 142 Mich App 135, 142; 369 NW2d 277 (1985). We review the grant of a writ of mandamus for abuse of discretion. *Id.* However, the central issue in this appeal involves statutory interpretation, which is a question of law that we review de novo. *Smeets v Genesee Co Clerk*, 193 Mich App 628, 633; 484 NW2d 770 (1992).

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *People v Stanaway*, 446 Mich 643, 658; 521 NW2d 557 (1994). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Barr v Mt Brighton Inc*, 215 Mich App 512, 516; 546 NW2d 273 (1996). When a statute is clear and unambiguous, judicial construction or interpretation is unnecessary and, therefore, precluded. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992).

A

Discussion of the pertinent statutes and their amendments is necessary to frame the issue before us.

The predecessor statute to MCL 333.7401; MSA 14.15(7401) was MCL 335.341; MSA 18.1070(41),

which was part of the Controlled Substances Act (CSA), 1971 PA 196. The CSA took effect April 1, 1972. The intent of the CSA, as originally enacted, was to control substances regardless of the quantity; no mention was made in the CSA of quantities or amounts. See *People v Busby*, 56 Mich App 389, 393; 224 NW2d 322 (1974). From April 1, 1972, to September 1, 1978, MCL 335.341; MSA 18.1070(41) provided in pertinent part:

> (1) Except as authorized by this act, it is unlawful for any person to manufacture, *deliver* or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:
>
> (a) A controlled substance classified in schedules 1 or 2 which is a narcotic drug, is guilty of a felony and upon conviction may be imprisoned for not more than 20 years or fined not more than $25,000.00, or both. [Emphasis added.]

### AMENDMENTS THAT TOOK EFFECT SEPTEMBER 1, 1978

The good-time credits enabling statute, MCL 800.33; MSA 28.1403, was amended as part of 1978 PA 80, which was approved on March 29, 1978, and took effect on September 1, 1978. Subsections 2 and 4 of the statute were amended to preclude persons convicted of an offense, or of conspiracy to commit an offense, proscribed by MCL 335.341; MSA 18.1070(41), as amended, from receiving good-time and special good-time credits. Rather than receive good-time credits, those persons would receive a flat five-day-a-month reduction. MCL 800.33(4); MSA 28.1403(4). From September 1, 1978, on, including at the time plaintiff was convicted in February 1982, MCL 800.33; MSA 28.1043 provided in pertinent part:

(1) The warden shall cause a record to be kept of each infraction of the rules of discipline by convicts, with the names of the persons so offending, and the date and character of each offense. The record shall be placed before the commission of corrections at each regular hearing.

(2) Except as provided in subsections (3) and (4), a convict who does not have an infraction of the rules of the prison or a violation of the laws of this state recorded against him shall receive a reduction from his sentence as follows:

(a) During the first and second years of his sentence, 5 days for each month.

(b) During the third and fourth years, 6 days for each month.

(c) During the fifth and sixth years, 7 days for each month.

(d) During the seventh, eighth, and ninth years, 9 days for each month.

(e) During the tenth, eleventh, twelfth, thirteenth, and fourteenth years, 10 days for each month.

(f) During the fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth years, 12 days for each month.

(g) From and including the twentieth year, up to and including the period fixed for the expiration of the sentence, 15 days for each month.

. *        *        *

(4) Subsections (2), (7), (8), and (9) shall not apply to a person convicted *of an offense proscribed by section 41(1)(a)(i), (ii), or (iii)*, section 41(4)(a)(i), (ii), or (iii) of Act No. 196 of the Public Acts of 1971, *as amended,* being section 335.341 of the Michigan Compiled Laws, or of conspiracy to commit such an offense. Except as provided in subsection (3), a convict who is serving a sentence for a crime enumerated in this subsection and who does not have an infraction of the rules of the prison or a violation of the laws of this state recorded against him shall receive a reduction of 5 days for each month from his sentence. [Emphasis added.]

Passage of 1978 PA 80 was tie-barred to HB 4190, which became 1978 PA 147, and also took effect September 1, 1978. 1978 PA 147 amended MCL 335.341; MSA 18.1070(41) by newly configuring the drug offenses, adding quantities, and enhancing penalties. The amended statute provided in pertinent part:

(1) Except as authorized by this act, a person shall not manufacture, *deliver*, or possess with intent to manufacture or deliver, a controlled substance. . . . A person who violates this subsection with respect to:

(a) A controlled substance classified in schedules 1 or 2 which is either a narcotic drug or described in section 16(a)(iv), and:

\* \* \*

(ii) Which is in an amount of 225 grams or more, but less than 650 grams, of any mixture containing that substance is guilty of a felony and shall be imprisoned for not less than 20 years nor more than 30 years.

\* \* \*

(4) A person shall not knowingly or intentionally possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act. A person who violates this subsection with respect to:

(a) A controlled substance classified in schedules 1 or 2 which is either a narcotic drug or described in section 16(a)(iv), and:

\* \* \*

(ii) Which is in an amount of 225 grams or more, but less than 650 grams, of any mixture containing that substance is guilty of a felony and shall be imprisoned for not less than 20 years nor more than 30 years. [Emphasis added.]

Thus, in 1978, the Legislature passed two tie-barred measures, one amending the good-time credits statute to provide for an exception to the general good-time credits provision for persons convicted of an offense proscribed by MCL 335.341;  MSA 18.1070(41),  as amended, and the other amending MCL 335.341;  MSA 18.1070(41)  to provide for a hierarchy of offenses and penalties.

On September 30, 1978,[1] twenty-nine days after 1978 PA 80 and 147,  quoted *supra,* took effect, 1978 PA 368,  known as the Public Health Code, became effective. The Public Health Code repealed the Controlled Substances Act, 1971 PA 196,  in its entirety and recodified certain of the former provisions of the CSA within the new Public Health Code. Former MCL 335.341;  MSA 18.1070(41),  as amended, became recodified as MCL 333.7401;  MSA 14.15(7401).  See Public Health Code Cross-Reference Table, Michigan Statutes Annotated, Vol 9C, p 605.   MCL 333.7401; MSA 14.15(7401),  the statute under which plaintiff was convicted, provided in pertinent part:

> (1) Except as authorized by this article, a person shall not manufacture, *deliver*, or possess with intent to manufacture or deliver, a controlled substance. . . .
>
> (2) A person who violates this section as to:
>
> (a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv) and:
>
> *        *        *
>
> (ii) Which is in an amount of 225 grams or more, but less than 650 grams, of any mixture containing that substance is

---

[1] See 1978 PA 368,  MCL 333.25211(1);  MSA 14.15(25211)(1).

guilty of a felony and shall be imprisoned for not less than
20 years nor more than 30 years. [Emphasis added.]

Thus, there was no change in the substantive provision describing the offenses.[2] This was the state of pertinent statutes at the time plaintiff was convicted.[3]

---

[2] We therefore disagree with plaintiff's argument that the Public Health Code "completely revamped the law relating to narcotics offenses."

[3] Although defendant and the circuit court gave considerable attention to other related statutes and to subsequent amendments of the pertinent statutes, we conclude that the related statutes and statutory changes are irrelevant to the issues presented.

In 1978 PA 81, the Legislature amended MCL 791.233; MSA 28.2303 to preclude special paroles for prisoners sentenced for life or for a minimum term of imprisonment for a major controlled substance offense and prisoners sentenced for life for first-degree murder. 1978 PA 81 became effective September 1, 1978. The amending provisions referred to "major controlled substance" offenses and defined that term with reference to MCL 335.341; MSA 18.1070(41). Passage of 1978 PA 81 was tie-barred to 1978 PA 147, which amended MCL 335.341; MSA 18.1070(41) by newly configuring the drug offenses, adding quantities, and enhancing penalties. Proposal B was approved by the electorate in November 1978 and became effective December 12, 1978. Proposal B amended MCL 791.233; MSA 28.2303 and added MCL 791.233b; MSA 28.2303(3), eliminated special parole, good-time and special good-time allowance, and made parole available only after service of the minimum term. MCL 791.233b(cc); MSA 28.2303(3)(cc) erroneously continued to refer to MCL 335.341; MSA 18.1070(41), even though the latter statute had been repealed by the Public Health Code, 1978 PA 368, and replaced with MCL 333.7401; MSA 14.15(7401) effective September 30, 1978. Notwithstanding this drafting error, there was a clear intent to include offenses prohibited by MCL 335.341; MSA 18.1070(41) in Proposal B. See OAG, 1981-1982, No 5875, pp 118-119 (April 16, 1981) (noting that the Public Health Code provides that it is a crime for a person to deliver a controlled substance, and that the Public Health Code, § 7401[1], [2][a] is substantively identical to 1971 PA 196, § 41[1][a]).

After plaintiff was convicted, 1982 PA 442, which became effective December 30, 1982, amended MCL 800.33; MSA 28.1403 to provide for good-time and special good-time credits for minimum and maximum sentence reduction under the prison code except for those convicted of violating MCL 333.7403; MSA 14.15(7403), who received a flat five-day-a-month reduction pursuant to MCL 800.33(4); MSA 28.1403(4), and except for those convicted of an offense listed at MCL 791.233b; MSA 28.2303(3), who received disciplinary credits of five days a month for each month served after December 30, 1982, and special disciplinary credits of two

III

The plain language of 1978 PA 80, MCL 800.33(4); MSA 28.1403(4), stated that the good-time credits set forth at MCL 800.33(2); MSA 28.1403(2) "shall not apply to a person convicted of *an offense proscribed by section 41(1)(a)(ii) . . . as amended, being section 335.341* . . . ." (Emphasis added.) Delivery of a controlled substance is an offense proscribed by MCL 335.341(1)(a)(ii); MSA 18.1070(41)(1)(a)(ii), as amended by 1978 PA 147. Further, 1978 PA 80 was tie-barred to 1978 PA 147, which newly configured MCL 335.341; MSA 18.1070(41) to include quantities and enhanced penalties, and expressly referred to the crime of delivery of a controlled substance in an amount of 225 grams or more but less than 650 grams. See 1978 PA 147, MCL 335.341(1)(a)(ii); MSA 18.1070(41)(1)(a)(ii). We thus agree with defendants that plaintiff's February 1982 convictions of delivery of, and conspiracy to deliver, cocaine in an amount of 225 grams or more but less than 650 grams under MCL 333.7401(1) and (2)(a)(ii); MSA 14.15(7401)(1) and (2)(a)(ii) were convictions of offenses proscribed by MCL 335.341; MSA 18.1070(41), as amended by 1978 PA 147. MCL 335.341; MSA 18.1070(41), as amended by 1978 PA 147, and recodified MCL 333.7401; MSA 14.15(7401) are substantively identical in that they both proscribe the deliv-

days a month on both minimum and maximum sentences pursuant to MCL 800.33(5); MSA 28.1403(5). Passage of 1982 PA 442 was tie-barred to 1982 PA 458, which amended MCL 791.233b; MSA 28.2303(3) to provide for disciplinary credits for Proposal B offenders as provided in MCL 800.33(5); MSA 28.1403(5), as amended. 1982 PA 458 also amended MCL 791.233b; MSA 28.2303(3) to replace reference to MCL 335.341; MSA 18.1070(41) with reference to MCL 333.7401; MSA 14.15(7401).

These amendments have no bearing on the issues before us.

ery of a controlled substance in an amount of 225 grams or more but less than 650 grams, and both carry the penalty of twenty to thirty years' imprisonment. The offenses listed at 1978 PA 80, MCL 800.33(4); MSA 28.1403(4), including MCL 335.341; MSA 18.1070(41), as amended, were replaced by substantively identical provisions in the Public Health Code at MCL 333.7401(1), (2)(a)-(b); MSA 14.15(7401)(1), (2)(a)-(b) and are the same offenses. See also OAG, 1981-1982, No 5875 (April 16, 1981) (noting that 1978 PA 368, § 7401[1], [2][a] is substantively identical to 1971 PA 196, § 41[1][a]).

Given the plain language of 1978 PA 80, MCL 800.33(4); MSA 28.1403(4), we conclude that the Legislature intended to preclude persons convicted of offenses proscribed by MCL 335.341; MSA 18.1070(41), as amended by 1978 PA 147, from good-time credit reductions. These offenses included delivery and conspiracy to deliver a controlled substance. Accordingly, under MCL 800.33(2) and (4); MSA 28.1403(2) and (4), plaintiff is not entitled to good-time credits computed under MCL 800.33(2); MSA 28.1403(2).

We cannot agree with plaintiff's argument that the rule of lenity requires us to affirm the circuit court's order granting a writ of mandamus. Criminal statutes are strictly construed, and, where legislative intent is not entirely free from doubt, the doubt must be resolved in favor of lenity. *People v Jones*, 190 Mich App 509, 514; 476 NW2d 646 (1991). In this case, for the reasons discussed earlier, including the plain language of the good-time credits enabling statute, 1978 PA 80, MCL 800.33(2); MSA 28.1403(2), we conclude the Legislature's intent to preclude persons convicted

of delivery and conspiracy to deliver controlled substances from receiving good-time credits is manifest and not open to ambiguity.

For the same reasons we must also reject plaintiff's argument that the Legislature knew that in enacting the Public Health Code, which repealed MCL 335.341; MSA 18.1070(41), the latter statute would be completely obliterated absent a savings provision that specifically stated that certain references to that statute should be construed as references to MCL 333.7401; MSA 14.15(7401). 1978 PA 80, MCL 800.33(2); MSA 28.1403(2) clearly shows a contrary intent.

We vacate the circuit court's order and remand for a recalculation of plaintiff's maximum sentence in accordance with this opinion.