BARAGA COUNTY v STATE TAX COMMISSION

Docket No. 220473. Submitted October 10, 2000, at Marquette. Decided December 1, 2000, at 9:20 A.M. Leave to appeal sought.

Baraga County, Baraga Township, L'Anse Township, and others brought an action in the Baraga Circuit Court against the State Tax Commission, seeking the issuance of a writ of mandamus or injunctive relief to prevent the defendant from enforcing its order requiring Baraga Township to include on its regular tax rolls certain parcels of land owned by members of the Keweenaw Bay Indian Community (KBIC) that had been previously exempt from taxation pursuant to a 1994 consent judgment entered into by the plaintiffs and the KBIC in the Tax Tribunal. The court, John D. Payant, J., entered an order and writ of mandamus mandating that the defendant not interfere with the provisions of the consent judgment. The defendant appealed.

The Court of Appeals *held*:

1. The consent judgment was binding on the defendant under principles of res judicata. The defendant was in privity with Baraga Township and L'Anse Township. The townships had a substantial identity of interests with the defendant and represented the same legal right in negotiating to have the KBIC make payments in lieu of taxes that normally would have been assessed. The defendant and the other governmental subdivisions had at least a functional relationship.

2. No substantive change in the law has occurred since the consent judgment was entered. The defendant remains bound by the consent judgment.

3. The defendant had no legal authority to exercise appellate jurisdiction over the consent judgment and then declare it invalid. The authority to do so was within the original and exclusive jurisdiction of the Tax Tribunal.

4. The plaintiffs satisfied the requirements for the writ of mandamus.

5. No language in MCL 205.753(4); MSA 7.650(53)(4) limits the Tax Tribunal's ability to enter long-term consent judgments.

Affirmed.

1. TAXATION — TAX TRIBUNAL DECISIONS — RES JUDICATA.
    Decisions of the Tax Tribunal have the effect of res judicata.

2. JUDGMENTS — CONSENT JUDGMENTS — RES JUDICATA.
    Res judicata applies to consent judgments.

3. JUDGMENTS — RES JUDICATA — WORDS AND PHRASES — PRIVY.
    A privy, for purposes of the doctrine of res judicata, is a person who
    is so identified in interest with another that the person represents
    the same legal right; privity between a party and a nonparty
    requires both a substantial identity of interests and a working or
    functional relationship in which the interests of the nonparty are
    presented and protected by the party in the litigation.

4. JUDGMENTS — RES JUDICATA — SUBSEQUENT CHANGES IN LAW. ·
    Res judicata does not bar litigation where a subsequent change in the
    law alters the legal principles on which the subsequent case is to
    be resolved.

5. TAXATION — TAX TRIBUNAL DECISIONS — APPEAL — STATE TAX COMMISSION.
    The provisions of MCL 211.10f(1); MSA 7.10(6)(1) allow the State Tax
    Commission to seize the tax rolls when a local tax collecting unit is
    not in substantial compliance with the General Property Tax Act;
    the statute does not authorize the State Tax Commission to over-
    rule an existing consent judgment from the Tax Tribunal; appellate
    jurisdiction over such a consent judgment and the authority to
    declare it invalid are within the exclusive jurisdiction of the Tax
    Tribunal (MCL 205.731; MSA 7.650[31]).

6. TAXATION — TAX TRIBUNAL DECISIONS — CONSENT JUDGMENTS.
    The provisions in MCL 205.753(4); MSA 7.650(53)(4) that a decision of
    the Tax Tribunal regarding the assessment of real property is bind-
    ing for the first year of assessment that is determined in the pro-
    ceeding before the tribunal does not limit the tribunal's ability to
    enter long-term consent judgments regarding assessments.

*Richard I. White*, Baraga County Prosecuting Attor-
ney, for Baraga County.

*Timothy S. Brennan*, for Baraga Township.

*Russell E. Lewis*, for L'Anse Township.

*James R. Bittorf* and *Joseph P. O'Leary*, for Rose-
mary Haataja and Amy St. Arnold.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Ross H. Bishop,* Assistant Attorney General, for the State Tax Commission.

Before: GRIBBS, P.J., and KELLY and HOEKSTRA, JJ.

PER CURIAM. This case presents for our review the issue whether defendant was bound by a consent judgment entered into by plaintiffs in 1994. Defendant appeals as of right from an order mandating that it not interfere with the provisions of a 1994 Tax Tribunal consent judgment that was entered into by plaintiffs and the Keweenaw Bay Indian Community (hereinafter KBIC). This case arises out of defendant's decision to order plaintiff Baraga Township to include, on its regular tax rolls, 123 parcels of land that were owned by members of the KBIC and were previously exempt from taxation. We affirm.

Defendant argues that the trial court erred in granting plaintiffs' request for a writ of mandamus because plaintiffs did not satisfy the threshold requirements for that remedy. We review a trial court's decision to grant a writ of mandamus for an abuse of discretion. *In re MCI Telecommunications Complaint,* 460 Mich 396, 443-444; 596 NW2d 164 (1999); *Rhode v Dep't of Corrections,* 227 Mich App 174, 178; 578 NW2d 320 (1997). Where a central issue in the appeal entails statutory interpretation, and therefore a question of law, we conduct a review de novo. *MCI Telecommunications Complaint, supra* at 444; *Rhode, supra* at 178. The issuance of a writ of mandamus is proper where (1) the party seeking the writ has a clear legal right to performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the

act requested, (3) the act is ministerial and involves no exercise of discretion or judgment, and (4) no other remedy exists, legal or equitable, that might achieve the same result. *McKeighan v Grass Lake Twp Supervisor*, 234 Mich App 194, 211-212; 593 NW2d 605 (1999); *Radecki v Director of Bureau of Worker's Disability Compensation*, 208 Mich App 19, 22; 526 NW2d 611 (1994).

Defendant claims that plaintiffs did not establish the first element because they possessed no clear legal right to force defendant to abide by the terms of the consent judgment. Defendant argues that it was not bound by the consent judgment because it was not a party to the Tax Tribunal proceedings. Furthermore, defendant avers, the consent judgment related only to the tax years covered by the consent judgment and did not operate prospectively. Finally, defendant asserts, even if the consent judgment was valid and binding in 1999, it could not remain effective following a substantive change in the law.

We conclude that the consent judgment was binding on defendant under principles of res judicata. Under the doctrine of res judicata, a subsequent action is barred between the same parties when the facts or evidence essential to the action are identical to those essential to a prior action. *Dart v Dart*, 224 Mich App 146, 156; 568 NW2d 353 (1997). The elements of res judicata are (1) a prior action that was decided on the merits, (2) a decree in the prior action that was a final decision, (3) a matter contested in a second case that was or could have been resolved in the first, and (4) both actions involve the same parties or their privies. *Kosiel v Arrow Liquors Corp*, 446 Mich 374, 379; 521 NW2d 531 (1994); *King v Michi-*

gan Consolidated Gas Co, 177 Mich App 531, 535; 442 NW2d 714 (1989). Decisions of the Tax Tribunal have the effect of res judicata. *Wayne Co v Detroit*, 233 Mich App 275, 277-278; 590 NW2d 619 (1998). Res judicata applies to consent judgments. *Schwartz v Flint*, 187 Mich App 191, 194; 466 NW2d 357 (1991).

Defendant argues that plaintiffs did not satisfy the fourth element because the Tax Tribunal proceedings and the present case did not involve defendant or defendant's privy. A privy is a person who is so identified in interest with another that he represents the same legal right. *Sloan v Madison Heights*, 425 Mich 288, 295; 389 NW2d 418 (1986); *Viele v DCMA*, 167 Mich App 571, 580; 423 NW2d 270 (1988), mod 431 Mich 898 (1988). " 'Privity between a party and a non-party requires both a "substantial identity of interests" and a "working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." ' " *Phinisee v Rogers*, 229 Mich App 547, 553-554; 582 NW2d 852 (1998) (citations omitted). In our view, defendant was in privity with plaintiffs Baraga Township and L'Anse Township. Both townships were required by statute to carry out assessments of properties within their boundaries. MCL 211.10; MSA 7.10. Defendant was also charged by statute to "take such measures as will secure the enforcement of the provisions of this act, to the end that all the properties of this state liable to assessment for taxation shall be placed upon the assessment rolls . . . ." MCL 211.150(1); MSA 7.208(1). The governmental entities that signed the consent judgment were charged with assessing property and collecting taxes, and, therefore, had a "substantial identity of interests" with defendant and represented

the same legal right. *Phinisee, supra* at 553-554; *Sloan, supra* at 295. The townships secured that interest when they negotiated to have the KBIC make payments in lieu of the taxes that normally would have been assessed. Moreover, defendant and the other governmental subdivisions had at least a "functional relationship." *Phinisee, supra* at 553-554. Defendant was statutorily required to "render such assistance and give such advice and counsel to the assessing officers of the state as they may deem necessary and essential to the proper administration of the laws governing assessments and the levying of taxes in this state." MCL 209.104; MSA 7.634.

We acknowledge, however, that res judicata does not bar litigation where a subsequent change in the law alters the legal principles on which the subsequent case is to be resolved. *Pike v Wyoming*, 431 Mich 589, 596-597, 608; 433 NW2d 768 (1988); *Socialist Workers Party v Secretary of State*, 412 Mich 571, 586-587; 317 NW2d 1 (1982); 1 Restatement Judgments, 2d, § 26, comment e, p 239. In the present case, defendant asserts that its actions were warranted by an intervening change in the law—the United State Supreme Court's decision in *Cass Co, Minnesota v Leech Lake Band of Chippewa Indians*, 524 US 103; 118 S Ct 1904; 141 L Ed 2d 90 (1998).

We read *Leech Lake* to hold merely that states and their political subdivisions may only impose ad valorem property taxes on reservation land made alienable by Congress, sold to non-Indians, and later repurchased by the tribe. *Id.* at 115. Nothing in the opinion supports defendant's sweeping conclusion that "[l]ands owned in fee simple by Indian Communities or by individual members of Indian Communities

are NOT exempt from property taxation," or that "[l]ands located within the boundaries of an Indian reservation and owned by people who are not Indians are also assessable." We therefore conclude that no substantive change in the law occurred and that defendant remains bound by the consent judgment.

We also find *Richland Twp v State Tax Comm*, 210 Mich App 328; 533 NW2d 369 (1995), instructive. At issue in that case was whether the defendant State Tax Commission had the authority, after determining that a township board's assessment rolls were improperly prepared, to overturn the actions of the local board of review. *Id.* at 332. The defendant argued that it had the power to investigate the board's actions and correct any irregularities pursuant to MCL 211.150; MSA 7.208. This Court found that the defendant was exercising appellate review over the township board. *Id.* at 335. This Court then concluded that the defendant's actions were improper because appellate review of any irregularity was vested within the original and exclusive jurisdiction of the Tax Tribunal. *Id.*

After this Court decided the *Richland Twp* case, the Legislature granted defendant the authority to assume jurisdiction over assessment rolls. MCL 211.10f(1); MSA 7.10(6)(1). Defendant asserts that in so doing, the Legislature effectively overruled *Richland Twp*. While MCL 211.10f(1); MSA 7.10(6)(1) does allow defendant to seize the tax rolls when a local tax collecting unit is not in substantial compliance with the General Property Tax Act, it does not allow defendant to effectively overrule an existing consent judgment from the Tax Tribunal. In essence, defendant in this case determined that the consent judgment was

no longer warranted under the law and should be vacated. Under the holding in *Richland Twp*, however, defendant had no legal authority to exercise appellate jurisdiction over the consent judgment and then declare it invalid. The authority to do so was within the original and exclusive jurisdiction of the Tax Tribunal. MCL 205.731; MSA 7.650(31).

The trial court correctly concluded therefore that defendant's actions were without a legal basis. As a result, the first requirement for a writ of mandamus—that the party seeking the writ have a clear legal right to performance of the specific duty sought—was satisfied. The nature and extent of the duty is a question of law. *Lockhart v Thirty-Sixth Dist Court Judge*, 204 Mich App 684, 688; 516 NW2d 76 (1994). Under *Richland Twp* and principles of res judicata, defendant had a duty to abstain from interfering with plaintiffs' carrying out of the consent judgment. For the same reason, the second requirement for mandamus—that defendant have the clear legal duty to perform the act requested—was also met. Pursuant to *Richland Twp*, defendant in the present case had a clear legal duty not to engage in an appellate review of the validity of the consent judgment.

Defendant next contends that plaintiffs failed to satisfy the fourth prerequisite to the issuance of a writ of mandamus because plaintiffs had an alternate legal remedy available to them. Defendant urges us to conclude that plaintiffs had an adequate legal remedy in the form of an appeal before the Tax Tribunal. Lack of an adequate remedy exists when, in practical terms, no legal or equitable remedy would achieve the same result. *Delly v Bureau of State Lottery*, 183 Mich App 258, 260; 454 NW2d 141 (1990). In our view,

the instant case presents just such a situation. While plaintiffs could challenge their assessments in the Tax Tribunal each year, defendant ignores the existence of the consent judgment. Requiring plaintiffs to seek relief in the Tax Tribunal would defeat the purpose of the consent judgment, which was to finally resolve the dispute between the parties.

Defendant also claims that the consent judgment should be read to cover only those tax years that were at issue when the Tax Tribunal entered the consent judgment. Defendant apparently relies on MCL 205.753(4); MSA 7.650(53)(4), which provides that a "decision of the tribunal as to the assessment of real property is binding for the first year of assessment that is determined in the proceeding before the tribunal." This language does not in any way limit the Tax Tribunal's ability to enter long-term consent judgments.

Finally, defendant argues that the trial court erred in enjoining it from carrying out its statutorily prescribed duties. Because we find that the trial court's order of mandamus was proper, we decline to address this issue.

Affirmed.