THOMAS v REX A WILCOX TRUST

Docket Nos. 116597, 117629. Submitted May 10, 1990, at Grand
Rapids. Decided October 15, 1990. Leave to appeal applied for.

Gary M. Thomas, personal representative and trustee of the
estate of Lurah M. Neymeiyer, deceased, filed suit against the
Rex A. Wilcox Trust and other heirs and assigns of Rex A.
Wilcox in Ottawa Circuit Court, claiming ownership of various
oil and mineral interests in Ottawa County and asking the
court to quiet his title. Plaintiff called for an accounting and
restitution of monies received by defendants and asked for
money damages for conversion of oil and gas proceeds and
profits received by defendants. The court, Calvin L. Bosman, J.,
granted summary disposition in favor of defendants, finding
that defendants had been in adverse possession of the oil and
gas interests at issue for more than twenty years. Plaintiff
appealed.

The Court of Appeals *held:*

Oil and gas leases are considered real property interests
which can be adversely possessed. Under the undisputed facts
of this case, the elements of adverse possession were met.

Affirmed.

1. ADVERSE POSSESSION — STANDARD OF PROOF.

Adverse possession must be established by clear and cogent proof
that the claimant's possession was actual, visible, open, notori-
ous, exclusive, continuous, and uninterrupted for the statutory
period of fifteen years; the possession must be hostile and under
a claim of right.

2. GAS AND OIL — MINERAL INTERESTS — ADVERSE POSSESSION.

Oil and gas leases are considered real property interests which
are subject to adverse possession; actual possession of a mineral
estate which has been severed from the surface estate can
ripen into title to the mineral estate by adverse possession.

REFERENCES

Am Jur 2d, Adverse Possession §§ 8, 224, 232, 235, 236; Gas and Oil
§ 46.

See the Index to Annotations under Adverse Possession; Gas and
Oil.

*Shanahan & Scheid* (by *Clark Shanahan*), for plaintiff.

*Lynch, Gallagher, Lynch, Shirley & Martineau* (by *John J. Lynch*), for Rex A. Wilcox Trust.

*Mika, Meyers, Beckett & Jones* (by *John T. Sperla* and *Linda L. Blais*), for Paul E. Shaffer, doing business as Shaffer Oil Company, Bernice Shaffer, Phillip Roberts, Harold J. Shuck, Dorothy L. Shuck and Jack Goodale.

*James Anthony Siver* and *Kevin V. B. Schumacher,* for Dart Energy Corporation, doing business as Energetics, Ltd.

Before: NEFF, P.J., and MAHER and MURPHY, JJ.

NEFF, P.J. Plaintiff appeals as of right from an order of the circuit court granting summary disposition pursuant to MCR 2.116(C)(7) and (10) in favor of defendants and determining that plaintiff's complaint was barred by the doctrine of adverse possession. We affirm.

I

Plaintiff brought this action after his appointment by the probate court as successor personal representative of the Estate of Lurah M. Neymeiyer and on his petition to reopen the estate to probate after-discovered assets.

In plaintiff's second amended complaint, he claimed ownership of various oil and mineral interests in Ottawa County and asked the court to quiet his title. Plaintiff called for an accounting and restitution of monies received by defendants and asked for money damages for conversion of oil

and gas proceeds and profits received by defendants.

The oil and gas interests at issue here were initially owned by Oil Well Service, Inc., a Michigan corporation which came into existence in 1941 and whose charter became void in 1947. On October 31, 1945, Oil Well Service, Inc., assigned certain of its oil and gas lease interests to Rex Wilcox and John Neymeiyer, each of whom received one-half of the six-eighths working interest represented in the leases. Wilcox and Neymeiyer were shareholders and directors of Oil Well Service, Inc., and together had operated its wells. Neymeiyer died in 1956, leaving his estate to his wife, Lurah Neymeiyer. Lurah Neymeiyer died in July, 1965.

Since 1959 or 1960, Wilcox operated the wells and received one hundred percent of the production proceeds from the working interests which had been leased to Oil Well Service and assigned to Wilcox and Neymeiyer and took Lurah Neymeiyer's proceeds as well as his own.

On November 20, 1967, Wilcox conveyed the wells and all six-eighths of the working interest in the lease, which included Lurah Neymeiyer's interest, to Harold and Dorothy Shuck. The Shucks conveyed all their interest to Philip Roberts on July 5, 1968. This assignment was also recorded. Roberts conveyed his interest to Paul and Bernice Shaffer on November 28, 1973. Again, this conveyance was recorded. The Shaffers conveyed their interest to Jack Goodale by quitclaim deed, which also was recorded. Each of these owners operated the wells, and each was conveyed the full six-eighths working interest which represented the total interest originally assigned by Oil Well Service, Inc.

After plaintiff filed his second amended com-

plaint, defendants Paul Shaffer, doing business as Shaffer Oil Company, Bernice Shaffer, Philip Roberts, Harold Shuck, Dorothy Shuck, and Jack Goodale moved for summary disposition. The motion for summary disposition was made pursuant to MCR 2.116(C)(7), (8), and (10) on the bases that the claim was barred by the statute of limitations, that plaintiff was barred from asserting title under the doctrine of adverse possession, and that plaintiff had failed to state a claim as to some of the interests claimed in the complaint because defendants did not own them.

Defendant Dart Energy Corporation also moved for summary disposition pursuant to MCR 2.116(C) (7), alleging that it had purchased oil and gas from Goodale as a purchaser in good faith.

Following a hearing on these motions, the trial court granted the motions for summary disposition on the basis that, under the undisputed facts, defendants had been in adverse possession of the oil and gas interests claimed by plaintiff for over twenty years. Plaintiff now appeals as of right, raising several issues. However, one issue, that of adverse possession, is dispositive.

II

Plaintiff claims that the trial court erred when it determined that his cause of action was barred by the doctrine of adverse possession. We disagree.

Adverse possession must be established by clear and cogent proof that the claimant's possession was actual, visible, open, notorious, exclusive, continuous, and uninterrupted for the statutory period of fifteen years. *Burns v Foster,* 348 Mich 8, 14; 81 NW2d 386 (1957); *McQueen v Black,* 168 Mich App 641, 643; 425 NW2d 203 (1988). The possession must be hostile and under cover of a

claim of right. *Burns, supra; McQueen, supra.* These same elements are required to establish adverse possession of mineral rights such as oil and gas leases. *Diederich v Ware,* 288 SW2d 643, 646 (Ky, 1956).

> To make good a claim of title by adverse possession, the true owner must have actual knowledge of the hostile claim or the possession must be so open, visible, and notorious as to raise the presumption of notice to the world that the right of the true owner is invaded intentionally. [*Burns, supra,* p 15.]

In *Caywood v Dep't of Natural Resources,* 71 Mich App 322, 331; 248 NW2d 253 (1976), this Court stated:

> Whether adverse possession is established depends upon the facts of each case and the character of the premises. . . . Acts of ownership which openly and publicly indicate an assumed control or use consistent with the character of the premises are sufficient. [Citations omitted.]

In this case, defendants Shuck, Roberts, Shaffer, and Goodale had openly, notoriously, exclusively, and successively possessed full working interests in the oil and gas leases under color of title. They also received one hundred percent of the working interests proceeds generated by operation of the wells. Each assignment of the interests in the leases was recorded with the county register of deeds. Wilcox had also operated the oil and gas interests exclusively from at least 1960 and, during that time, had kept all of the proceeds from this operation even though Lurah Neymeiyer held fifty percent ownership in the working interests. The elements of adverse possession were met by these undisputed facts.

Plaintiff argues that Michigan does not recognize mineral interests as real property interests which can be adversely possessed. We disagree. Oil and gas leases are considered real property interests. *Eadus v Hunter,* 268 Mich 233, 238; 256 NW 323 (1934). In *Van Slooten v Larsen,* 410 Mich 21, 45; 299 NW2d 704 (1980), our Supreme Court stated:

> [A]bsent actual possession of the severed mineral estate, possession of the surface estate pursuant to a deed reserving a severed mineral interest cannot ripen into adverse possession of the mineral estate.

We believe that this statement from *Van Slooten* implies that, as here, actual possession of a mineral estate that had been severed from the surface estate could ripen into title to the mineral estate by adverse possession.

III

In light of our resolution of this issue, we need not reach plaintiff's additional issues.

Affirmed.