WALGREEN COMPANY v MACOMB TOWNSHIP

Docket No. 276829. Submitted July 2, 2008, at Detroit. Decided July 31,
   2008, at 9:10 a.m. Leave to appeal denied, 482 Mich 1187.
   The Walgreen Company appealed in the Macomb Township Board
      of Review the township's 2003 property-tax assessment on
      realty Walgreen leased from M. Tartaglia, L.L.C. Under a lease
      agreement covering more than 35 years, Walgreen was entitled
      to contest the validity of any tax on the leased realty and
      Tartaglia had to cooperate with Walgreen in any contested
      proceeding and execute any necessary documents. At the time of
      the appeal, a board-of-review rule required a petitioner appear-
      ing before the board on behalf of a property owner to furnish
      written authorization from the property owner appointing the
      petitioner as the owner's agent or representative. Walgreen did
      not provide such written authorization or any document show-
      ing that it had an ownership interest in the realty. The board
      dismissed Walgreen's appeal for lack of standing, noting that
      the tax roll showed that Tartaglia was the owner of the realty
      and that Walgreen had failed to provide written authorization to
      appear on behalf of Tartaglia. Walgreen appealed to the Tax
      Tribunal to challenge the board's decision regarding standing to
      challenge the 2003 assessment and later amended its petition of
      appeal to include challenges of assessments for tax years 2004,
      2005, and 2006, and to move for summary disposition under
      MCR 2.116(C)(10). The tribunal denied Walgreen's motion and,
      pursuant to MCR 2.116(I)(2), granted summary disposition for
      the township instead. Walgreen appealed.

      The Court of Appeals *held*:

      1. MCL 211.30(4) of the General Property Tax Act, (GPTA)
   confers on a person whose name appears on an assessment roll,
   including an owner's agent, standing to challenge a tax assess-
   ment. Walgreen, which was not on the assessment roll and did
   not provide the required notice of authorization to act as
   Tartaglia's agent, lacks standing.

      2. MCL 205.735(3) of the Tax Tribunal Act, which permits
   parties in interest to petition the Tax Tribunal regarding unlawful

assessments, is not applicable to initial challenges to tax assessments before local boards of review.

3. Walgreen is not the real party in interest under MCR 2.201(B) because it is Tartaglia who was the real party in interest since it was ultimately liable to the township for the taxes.

4. MCL 211.27a(6)(g) of the GPTA, which provides that a "transfer of ownership" for purposes of taxing property includes a conveyance by lease if the lease is for more than 35 years, does not confer standing on Walgreen in view of its failure to provide the township with notice of such a transfer, as required by MCL 211.27a(10).

5. Walgreen has failed to establish that it had standing to challenge the 2004, 2005, and 2006 assessments before the board of review for the same reasons it failed to establish standing with respect to the 2003 assessment.

6. The Tax Tribunal properly granted summary disposition for the township in the absence of Walgreen's standing to appear before the board of review.

Affirmed.

O'CONNELL, J., dissenting, stated that Walgreen has standing because, as the party responsible for paying the taxes at issue, it suffered an injury in fact that is both concrete and particularized, as well as actual and imminent. Walgreen was also the real party in interest under MCR 2.201(B) because the lease agreement gave it the right to contest the validity of any tax. The Walgreen-Tartaglia lease agreement was sufficient written authorization under the board of review's rule for Walgreen to act as Tartaglia's agent before the board of review. That rule is not authorized by the GPTA and is unconstitutional because it violated Walgreen's due-process rights. Walgreen had the right to protest the assessed value of the realty under the plain language of MCL 211.30(4). Walgreen has a property interest in the taxed realty and Walgreen was deprived of that interest without due process of law by virtue of the board of review's rule and the requirement under MCL 205.735(1) that an assessment dispute concerning tax violation of property be protested at the local board of review before the Tax Tribunal can acquire jurisdiction. Judge O'CONNELL would reverse the tribunal's decision.

*Honigman Miller Schwartz and Cohn LLP* (by
*Michael B. Shapiro, Stewart L. Mandel,* and *Jason
Schian Conti*) for the petitioner.

*Seibert and Dloski* (by *Lawrence W. Dloski* and *Col-
leen O'Connor*) for the respondent.

Before: OWENS, P.J., and O'CONNELL and DAVIS, JJ.

DAVIS, J. Petitioner appeals as of right from a Tax
Tribunal decision dismissing its appeals of respondent's
property tax assessments for tax years 2003, 2004,
2005, and 2006. We affirm.

Petitioner is the lessee of real property in Macomb
Township pursuant to a long-term lease that requires it
to pay the property taxes for the property. The lease
provides that petitioner is entitled to contest the valid-
ity of any tax; the property owner must cooperate in any
contested proceeding and execute any necessary docu-
ments. In March 2002, respondent's board of review
adopted a rule under which "[a] person who is filing a
petition to appear before the Board of Review, on behalf
of a property owner, must furnish written authorization
from the property owner appointing them as the
agent/representative." On March 1, 2003, petitioner
timely filed with respondent's board of review a written
appeal and objection to respondent's 2003 tax assess-
ment. Petitioner attached a letter that identified peti-
tioner as the taxpayer and that authorized its desig-
nated representative to appear before the board.
However, petitioner did not provide any documentation
showing that it had an ownership interest in the
property or that the property owner had authorized
petitioner to appear before the board. The board of
review dismissed the appeal for lack of standing: re-
spondent's assessment roll showed that M. Tartaglia,

L.L.C., was the property owner, so without proper authorization,[1] only M. Tartaglia, L.L.C., could challenge the tax assessment for the property.

Petitioner appealed the adverse ruling to the Tax Tribunal. There, petitioner filed a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that the board of review improperly found that it lacked standing. Specifically, petitioner argued that it had an ownership interest in the property and was a party in interest because it was responsible for paying the property taxes. The hearing referee requested additional information and delayed a decision on that motion several times. In the interim, petitioner was permitted to amend its petition to include challenges to the 2004, 2005, and 2006 tax assessments as well. In December 2006, the hearing referee issued a ruling that petitioner lacked standing to challenge the property tax assessments for each of the tax years. Accordingly, it denied petitioner's motion for summary disposition and granted judgment in favor of respondent pursuant to MCR 2.116(I)(2). This appeal followed.

Our review of a Tax Tribunal decision is very limited. In the absence of fraud, we are limited to deciding whether the tribunal committed an error of law or adopted a wrong legal principle. *Liberty Hill Housing*

---

[1] The dissent correctly notes that the board of review adopted a more specific policy explicitly requiring a "Letter of Authorization" a few days *after* petitioner filed its appeal. We also recognize that the board of review apparently deemed this policy relevant to its rejection of petitioner's appeal. However, contrary to the suggestion of the dissent, we do not find the later policy of significance here, and we express no view thereon. Again, petitioner did not provide *any* sort of "written authorization from the property owner appointing it as the agent/representative" for the purpose of appearing before the board of review, and that was the basis for the board's rejection. Petitioner did not even tender to the board a copy of the lease as evidence of such authorization, which counsel for respondent conceded at oral argument would have sufficed.

*Corp v Livonia,* 480 Mich 44, 49; 746 NW2d 282 (2008). Factual findings made by the tribunal will not be disturbed as long as they are supported by competent, material, and substantial evidence on the whole record. *Id.* We review de novo the proper interpretation of statutes and rulings on summary-disposition motions. *Coblentz v Novi,* 475 Mich 558, 567; 719 NW2d 73 (2006). The purpose of statutory interpretation is to discover and give effect to the Legislature's intentions, and unambiguous statutory language should be enforced as written. *Gladych v New Family Homes, Inc,* 468 Mich 594, 597; 664 NW2d 705 (2003). A motion for summary disposition under MCR 2.116(C)(10) should be granted if there is no genuine issue of material fact when the evidence and all reasonable inferences therefrom are viewed in the light most favorable to the nonmoving party; in that circumstance, the moving party is entitled to judgment as a matter of law. *Coblentz, supra* at 567-568. Under MCR 2.116(I)(2), the court may enter a judgment in favor of the opposing party if it appears that the opposing party is entitled to judgment.

The parties have stipulated the facts. At issue is whether the Tax Tribunal correctly determined that, on the basis of those facts, petitioner lacked standing to challenge the tax assessments. The concept of standing in the context of a legal proceeding means that a party must have suffered an actual, particularized impairment of a *legally protected* interest, that the opposing party can in some way be shown to be responsible for that impairment, and that a favorable decision by a court could likely redress that impairment. See *Lee v Macomb Co Bd of Comm'rs,* 464 Mich 726, 739; 629 NW2d 900 (2001).

The General Property Tax Act (GPTA), MCL 211.1 *et seq.*, governs proceedings before local boards of review. MCL 211.30 sets forth procedures to be followed when

protesting tax assessments before the board of review. MCL 211.30(4) provides, in relevant part:

> At the request of a person whose property is assessed on the assessment roll or of his or her agent, and if sufficient cause is shown, the board of review shall correct the assessed value or tentative taxable value of the property in a manner that will make the valuation of the property relatively just and proper under this act.

Subsection 3 provides that "[p]ersons or their agents who have appeared to file a protest before the board of review at a scheduled meeting or at a scheduled appointment shall be afforded an opportunity to be heard by the board of review." Subsection 4 further provides that "nonresident taxpayers" may support any such protest by submitting a letter. Subsection 7 permits governing bodies to authorize "resident taxpayers" to submit protests by letter and without personally appearing. Thus, when read as a whole, MCL 211.30 affords "taxpayers" the opportunity to be heard on tax protests, but *only* "a person whose property is assessed on the assessment roll or his or her agent" may actually *make* such a property tax protest before the board of review.

MCL 211.24(1)(a) provides in part that each March, the local assessor shall make and complete an assessment roll and include

> [t]he name and address of every person liable to be taxed in the local tax collecting unit with a full description of all the real property liable to be taxed. If the name of the owner or occupant of any tract or parcel of real property is known, the assessor shall enter the name and address of the owner or occupant opposite to the description of the property. If unknown, the real property described upon the roll shall be assessed as "owner unknown."

MCL 211.24(1)(g) recognizes that property may be assessed in the name of someone other than the owner.

That statute provides that "[p]roperty assessed to a person other than the owner shall be assessed separately from the owner's property and shall show in what capacity it is assessed to that person, whether as agent, guardian, or otherwise." The assessor is required to send notices of the taxes to "each owner or person or persons listed on the assessment roll of the property." MCL 211.24c(1). Similarly, MCL 211.24c(4) provides that "[t]he assessment notice shall be addressed to the owner according to the records of the assessor."

Therefore, it is apparent that respondent's obligation to send the required notices extends to those names that appear on the assessment roll, whether they are the owner or an owner's agent. MCL 211.30(4) is consistent with the notice requirements and confers on any person whose name appears on the assessment roll, including an owner's agent, standing to challenge a tax assessment. In this case, however, petitioner never demonstrated that it took the necessary steps to have its name placed on the assessment roll or to obtain the owner's written authorization to appear before the board of review on behalf of the listed owner. Indeed, the evidence affirmatively shows that petitioner *was not* ever placed on the assessment roll for the parcel at issue in this case; rather, only M. Tartaglia, L.L.C., appeared on the assessment roll.

We disagree with the dissent's conclusion that the plain language of MCL 211.30(4) gives petitioner the right to protest the assessed value of this property. Because petitioner is *not* a "person whose property is assessed on the assessment roll," and because petitioner did not provide the board of review with any indication that it was the agent of a "person whose property is assessed on the assessment roll," the statute does *not* give petitioner any rights. Accordingly, petitioner failed to establish its standing to protest the 2003 tax assessment.

Petitioner next argues that MCL 205.735(3) permits "parties in interest" to petition the Tax Tribunal regarding unlawful assessments, and that statute should be reconciled with MCL 211.30 such that long-term lessees may appeal an assessment. Given the plain language of the statute, we disagree. MCL 205.735(3) is part of the Tax Tribunal Act, MCL 205.701 *et seq.*, and it governs the Tax Tribunal's jurisdiction to consider a petitioner's appeal from an adverse decision of a board of review. It is not applicable to initial challenges to tax assessments before boards of review. Similarly, petitioner argues that it is "the real party in interest" under MCR 2.201(B) as "a party having an interest that will assure sincere and vigorous advocacy." *City of Kalamazoo v Richland Twp,* 221 Mich App 531, 534; 562 NW2d 237 (1997). However, although petitioner was liable to the property owner for the property taxes under the terms of its lease, the property owner ultimately remained liable to the township for the payment of taxes. Therefore, the owner was the real party in interest for purposes of challenging the property tax assessment. Most significantly, and as explained previously, the board of review's rules *would* have allowed petitioner to challenge the tax assessment if petitioner had submitted written authorization from the assessed owner.[2]

Petitioner also argues that the Tax Tribunal erred in relying in part on the definition of "taxpayer" in MCL 211.44(10)(c), even though that definition is expressly

---

[2] The dissent raises the specter that the assessed property owner might, for some reason, refuse to provide that written authorization to a lessee who is responsible for the payment of taxes under the terms of the lease. However, we believe, as did counsel for respondent at oral argument, that submission of the lease itself would constitute "written authorization." We reiterate that we have no occasion here to consider the later, more specific, policy, and we decline in any event to engage in speculation over a situation that the instant case does not factually support.

limited to that statute. Even if the definition in MCL 211.44(10)(c) is not applicable, however, the hearing referee correctly concluded that petitioner lacked standing pursuant to MCL 211.30.

Petitioner alternatively argues that MCL 211.27a(6)(g) establishes its standing as a tenant under a long-term lease that exceeds 35 years. That statute provides that a "transfer of ownership" for purposes of taxing property includes a conveyance by lease if the duration of the lease is more than 35 years. Here, however, petitioner did not present evidence showing that it complied with the notice requirements in MCL 211.27a(10) to provide respondent with notice of the property transfer, and petitioner was not listed on the assessment roll. Accordingly, even if petitioner's lease agreement qualifies as a "transfer of ownership" under MCL 211.27a(6)(g), it does did not establish petitioner's standing pursuant to MCL 211.30.

We do not suggest, as the dissent implies we do, that a long-term lessee like petitioner has *no* interest in the property it leases. But, even if the terms of the lease obligate it to pay the taxes, that does not mean that petitioner has a "legally protected interest" under the GPTA. See *Lee, supra* at 739. Petitioner was not "a person whose property is assessed on the assessment roll" or the agent of that person. Rather, the assessment roll showed that another individual was responsible for the taxes. The lease might make petitioner the agent of the person whose property is assessed, but no evidence thereof was submitted to the board of review. Petitioner, as the party seeking the benefit of standing, had the burden of showing standing. *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608, 630-631; 684 NW2d 800 (2004). For all of these reasons, we conclude that the Tax Tribunal did not err in dismissing petition-

er's appeal on the basis that it lacked standing to challenge the 2003 tax assessment before the board of review.

Petitioner also argues that the Tax Tribunal erred in dismissing its additional claims for the 2004, 2005, and 2006 tax years. We disagree. Although MCL 205.737(4) permitted petitioner to join its claims for those tax years with its appeal involving the 2003 tax year, petitioner was still required to establish its standing to challenge the tax assessments for those years before the board of review. Because petitioner failed to establish its standing to challenge the 2004, 2005, and 2006 tax assessments for the same reasons previously discussed relative to the 2003 tax year, those claims were also properly dismissed.

Finally, we find no merit to petitioner's argument that even if the Tax Tribunal did not err in denying its motion for summary disposition, it improperly granted judgment in favor of respondent under MCR 2.116(I)(2). The evidence demonstrates that there was no genuine issue of material fact that petitioner did not have its name placed on the assessment roll, obtain the property owner's written authorization to appear before the board of review on the owner's behalf, or even tender a copy of its lease to the board for the same purpose. Accordingly, the tribunal appropriately determined that petitioner lacked standing to protest the property tax assessments and, accordingly, that respondent was entitled to judgment as a matter of law.[3]

---

[3] In its statement of questions presented in its brief on appeal, petitioner lists as Issue V that the Tax Tribunal's "second order constitutes fraud, error of law, the adoption of wrong principles, and/or relies on factual findings not supported by the record." Petitioner does not present any supporting argument for this issue in its brief. Therefore, the issue is abandoned. *Great Lakes Div of Nat'l Steel Corp v City of Ecorse*, 227 Mich App 379, 422; 576 NW2d 667 (1998).

Affirmed.

OWENS, P.J., concurred.

O'CONNELL, J. (*dissenting*). I respectfully dissent. In my opinion, the Tax Tribunal improperly found that petitioner had no standing. Additionally, the rules created by respondent's board of review were invalid and denied petitioner its due-process rights. I would reverse.

Whether a party has standing comprises a question of law that is subject to review de novo. *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726, 734; 629 NW2d 900 (2001).

> "[T]he doctrine of standing [is] a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches. It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution." [*Id.* at 735-736, quoting *Lewis v Casey*, 518 US 343, 349; 116 S Ct 2174; 135 L Ed 2d 606 (1996) (citations omitted).]

In *Lee*, our Supreme Court adopted the same test to determine standing as that used by federal courts:

> "[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical." ' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent

action of some third party not before the court.' Third, it
must be 'likely,' as opposed to merely 'speculative,' that the
injury will be 'redressed by a favorable decision.' " [*Lee,
supra* at 739, quoting *Lujan v Defenders of Wildlife*, 504 US
555, 560-561; 112 S Ct 2130; 119 L Ed 2d 351 (1992).]

The "injury in fact" must be "both concrete and par-
ticularized, as well as actual and imminent, in order to
establish standing." *Rohde v Ann Arbor Pub Schools*,
479 Mich 336, 349; 737 NW2d 158 (2007). Under this
standard, petitioner clearly has an "injury in fact," as it
is the one responsible for paying the taxes at issue.

Although the majority recognizes petitioner's liabil-
ity to the owner for the payment of the taxes under the
terms of the lease, it dismisses petitioner's argument
that it is "the real party in interest" under MCR
2.201(B) on the basis of its conclusion that the owner is
the "real party in interest" because it ultimately re-
mains liable to the township for payment of the taxes.
"A real party in interest is one who is vested with the
right of action on a given claim, although the beneficial
interest may be in another." *Hoffman v Auto Club Ins
Ass'n*, 211 Mich App 55, 95; 535 NW2d 529 (1995). The
lease explicitly gave petitioner the right to contest the
validity of any tax, making petitioner a real party in
interest. That the property owner also has an interest
does not prevent petitioner from being a real party in
interest. " 'Whether additional parties also have an
interest, such that their joinder is required or that
plaintiff is prohibited from proceeding without them, is
not a question of real party in interest, but of necessary
joinder under MCR 2.205.' " *Id.* (citations omitted).
This Court has previously concluded that a lessee has
standing to bring suit on an issue affecting the property.
*Central Advertising Co v St Joseph Twp*, 125 Mich App
548, 555; 337 NW2d 15 (1983). The defendant in
*Central Advertising Co* had argued that the plaintiff did

not have an adequate property interest under which to establish the lawsuit, but this Court held that the plaintiff as a lessee "has a sufficient interest in the outcome of the litigation to assure sincere and vigorous advocacy." *Id.*

Given that petitioner is the real party in interest pursuant to MCR 2.201(B) and has met the requirements of standing, the Tax Tribunal erred in concluding that petitioner had no standing.

Separate from the question of standing is whether petitioner was authorized by statute to bring its claim before the board of review. See *Rhode, supra* at 343-355 (providing separate analyses for the statutory requirements to bring suit and whether the plaintiffs had constitutional standing, and concluding that while the former was met, the latter was not). On March 5, 2002, respondent's board of review adopted the following policy: "A person who is filing a petition to appear before the Board of Review, on behalf of a property owner, must furnish written authorization from the property owner appointing them as the agent/representative." On March 6, 2003, the board of review adopted a more specific policy:

> Resolution adopted requiring a person who is filing a petition to appear before the Board of Review, on behalf of a property owner, must furnish written authorization from the property owner appointing them as the agent/representative. This Resolution was also adopted providing for all *future* petitions submitted by a representative on behalf of the property owner must be submitted with a Letter of Authorization signed by the property owner. The Letter of Authorization must contain the parcel number for the parcel or parcels being protested, a valid legible signature, a valid printed signature and must be original signatures. [Emphasis added.]

Petitioner filed its written appeal with respondent's board of review on March 1, 2003, and included a petition. Because the appeal petition predated the adoption of the March 6, 2003, resolution, I disagree with the majority that it is applicable. The text of the policy itself indicates it is applicable to "future petitions," and petitioner's petition was submitted before its adoption.

Using the 2002 rule, I conclude that petitioner provided sufficient documentation to proceed with its appeal before the board of review. Petitioner had a signed lease expressly permitting it to contest the validity of the property taxes. That document is sufficient to constitute written authorization from the property owner, appointing petitioner as the agent or representative before the board of review. Therefore, I conclude that the board of review erred in concluding that petitioner had no "standing" to protest the taxes.

Indeed, "[t]he right to a hearing by the assessor, sitting as a board of review, is one of which a tax-payer cannot be lawfully deprived." *Village of Three Rivers Common Council v Smith*, 99 Mich 507, 509; 58 NW 481 (1894). A taxpayer is "a person who pays tax or is subject to taxation." *Random House Webster's College Dictionary* (2001). Petitioner, as a person obligated to pay the property taxes in question, was a taxpayer, and the board of review was required to provide petitioner with a hearing.

Additionally, even if the March 6, 2003, policy did apply, I would conclude that it was both invalid, as it was not authorized by the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, and unconstitutional because it violated petitioner's due-process rights.

A rule is invalid when it conflicts with the provisions of the governing statute. *Michigan Sportservice, Inc v Dep't of Revenue Comm'r*, 319 Mich 561, 566; 30 NW2d

281 (1948) ("The provisions of the rule must, of course, be construed in connection with the statute itself. In case of conflict, the latter governs."). In this case, the rule adopted by respondent's board of review places an additional burden on the taxpayer that is not required by the statute. There is no express authority in the GPTA permitting respondent's board of review to exclude those who pay the property taxes from being able to contest them. MCL 211.30(4) provides:

> At the request of a person whose property is assessed on the assessment roll or of his or her agent, and if sufficient cause is shown, the board of review shall correct the assessed value or tentative taxable value of the property in a manner that will make the valuation of the property relatively just and proper under this act.

Leases provide a real-property interest. *Adams Outdoor Advertising v East Lansing (After Remand)*, 463 Mich 17, 33; 614 NW2d 634 (2000). See also *Forge v Smith*, 458 Mich 198, 206-207; 580 NW2d 876 (1998) (noting that lease contract granted property interest in certain lots); *Thomas v Rex A Wilcox Trust*, 185 Mich App 733, 738; 463 NW2d 190 (1990) ("Oil and gas leases are considered real property interests."); *Central Advertising Co, supra* (lessee had an adequate property interest to give it standing to maintain a lawsuit involving a county ordinance affecting the property). Accordingly, under the plain language of MCL 211.30(4), petitioner had the right to protest the assessed value of the property, as petitioner had a property interest in the taxed property as the lessee, making petitioner a "person whose property is assessed." Respondent's board of review created a rule that prevented individuals who were otherwise permitted under the statute to protest the validity of the property tax from being able to do so. Because the statute does not provide them such author-

ity, the rule is invalid and the statute must prevail. *Michigan Sportservice, Inc, supra.*

In addition to being invalid, the rule adopted by respondent's board of review is also unconstitutional. Both the United States and Michigan constitutions prevent the taking of property without due process of law. US Const, Am V; Const 1963, art 1, § 17. "The 'property' protected by the constitutions includes not only title, but all character of vested rights, including possession, dominion, control, and the right to make any legitimate use of the premises." *Ligon v Detroit,* 276 Mich App 120, 124-125; 739 NW2d 900 (2007), citing *Rassner v Fed Collateral Society, Inc,* 299 Mich 206, 213-214; 300 NW 45 (1941). Under the majority's reasoning, individuals with property interests in the taxed property (such as lessees) could be obligated to pay property taxes and yet, so long as the property owner listed on the assessment roll refuses to sign the required "Letter of Authorization" to the standards required by the board of review, would never be permitted to contest their tax obligation before the board of review.[1] When coupled with the requirement that an assessment dispute concerning the valuation of property be protested before the local board of review before the Tax Tribunal can acquire jurisdiction, MCL 205.735(1); *Covert Twp v Consumers Power Co,* 217 Mich App 352, 355; 551 NW2d 464 (1996), the rule

---

[1] That petitioner's lease required the property owner to execute any written documents required to contest the validity of taxes is irrelevant. The property owner could refuse to perform its obligation under the lease, preventing petitioner from ever being able to dispute its tax liability before the board of review. In that event, although petitioner would have a contract claim against the property owner, damages would be difficult or impossible to calculate, because there is no way to determine what the board of review would have decided had petitioner been permitted to appeal the taxes and what effect that would have had on future tax years.

adopted by respondent's board of review and assented
to by the majority opinion denies access to the courts to
an entire group of individuals with property interests,
thereby denying them of property without due process
of law.

Because I conclude that petitioner had standing and
was permitted to challenge the tax assessment before
the board of review, and that the rule implemented by
the board of review was both invalid and unconstitu-
tional, I would reverse the decision of the Tax Tribunal.