LANSING SCHOOLS EDUCATION ASSOCIATION, MEA/NEA v
LANSING BOARD OF EDUCATION

Docket No. 279895. Submitted December 2, 2008, at Lansing. Decided
January 27, 2009, at 9:05 a.m. Leave to appeal sought.

The Lansing Schools Education Association, MEA/NEA, and four of
its member teachers who alleged that they were physically as-
saulted by students in grade six or above brought an action in the
Ingham Circuit Court against the Lansing Board of Education and
the Lansing School District. The plaintiffs sought a declaratory
judgment regarding the parties' rights and legal relations under
MCL 380.1311a, which concerns physical assaults by students in
grade six or above against a person employed by or engaged as a
volunteer or contractor by a school board. The plaintiffs also
sought a writ of mandamus ordering the defendants to expel,
rather than suspend, the students and a permanent injunction
prohibiting the defendants from allegedly violating the statute in
the future. The court, Thomas L. Brown, J., granted summary
disposition for the defendants, ruling that the school board has the
discretion to determine whether a physical assault occurred within
the meaning of the statute and concluding that the court should
not oversee the individual disciplinary decisions of a local school
board. The plaintiffs appealed.

The Court of Appeals *held*:

1. The trial court correctly dismissed the teachers' claims
because they failed to establish the elements of constitutional
standing. The injuries that the teachers sustained were not caused
by the defendants. Therefore, the cited "injuries in fact" do not
meet the injury-in-fact element of constitutional standing. The
injuries were caused by students who are not parties to the action
and there is no connection between the injuries alleged and any
conduct by the defendants. Therefore, the teachers failed to meet
the causal-connection element of constitutional standing.

2. The teachers' allegation that they were injured by the defen-
dants' failure to expel the students because the defendants' inaction
invaded the teachers' legally protected interest in working in a safe
school environment does not give them standing because the alleged
injury is not concrete, particularized, actual, or imminent.

3. The Lansing Schools Education Association, MEA/NEA also lacks standing. Because the members lack standing as individual plaintiffs, the organization also lacks standing to bring suit.

4. The Legislature may not confer standing on a party that does not meet the constitutional test for standing because doing so violates the separation of powers. Except in a few narrowly prescribed circumstances not applicable here, if a party lacks constitutional standing, a claim may not proceed on the basis of statutorily conferred standing. Therefore, there is no need to analyze whether MCL 380.1311a confers standing on the plaintiffs in this case.

Affirmed.

1. ACTIONS — STANDING — CONSTITUTIONAL STANDING.

Constitutional standing to bring an action, at a minimum, consists of three elements: first, the plaintiff must have suffered an injury in fact, an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical; second, there must be a causal connection between the injury and the conduct complained of, the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

2. ACTIONS — STANDING — ORGANIZATIONS' STANDING TO BRING ACTIONS.

An organization lacks standing to bring an action to advocate the interests of its individual members if the individual members lack standing to bring the action.

3. ACTIONS — STANDING.

A statute that confers standing to bring an action broader than the limits imposed by the Michigan Constitution is unconstitutional; the Legislature may not confer standing on a party by statute if the party does not meet the constitutional test for standing.

*White, Schneider, Young & Chiodini, P.C.* (by *Michael M. Shoudy* and *Dena M. Lampinen*), for the plaintiffs.

*Thrun Law Firm, P.C.* (by *Donald J. Bonato* and *Margaret M. Hackett*), for the defendants.

Before: SAAD, C.J., and FITZGERALD and BECKERING, JJ.

SAAD, C.J. Plaintiffs appeal the trial court's order that granted summary disposition to defendants. For the reasons set forth in this opinion, we affirm.

I. FACTS AND PROCEDURAL HISTORY

Plaintiffs, Lansing Schools Education Association, MEA/NEA, Cathy Stachwick, Penny Filonczuk, Ellen Wheeler, and Elizabeth Namie, filed their complaint for a declaratory judgment, a writ of mandamus, and injunctive relief on April 9, 2007. Stachwick, Filonczuk, Wheeler, and Namie are teachers in the Lansing public school system and are members of the Lansing Schools Education Association, MEA/NEA, which is the exclusive bargaining representative for Lansing public school teachers. According to plaintiffs' complaint, students hit two of the teachers with a chair, one student slapped one of the teachers, and one student threw a wristband toward one of the teachers and it struck the teacher in the face. Plaintiffs further assert that school administrators were informed of each incident and the students were suspended, but they were not expelled.

Plaintiffs alleged in their complaint that expulsion of the students is required by § 1311a(1) of the Revised School Code (RSC), MCL 380.1311a(1). Plaintiffs asked the trial court for a declaratory judgment on the rights and legal relations of the parties under the statute. Plaintiffs asserted that each incident constituted a physical assault by a student in grade six or above and that expulsion of each student was mandatory. In addition to a declaratory judgment, plaintiffs asked the trial court for a writ of mandamus ordering defendants to follow the statute and expel the students and to issue a permanent injunction to enjoin defendants from future violations of MCL 380.1311a(1). Plaintiffs further asked the court to find the school officials who failed to

follow the statute guilty of a misdemeanor and to cancel the contract of the school superintendent or principal who failed to comply with the statute.

In lieu of an answer, defendants filed a motion for summary disposition under MCR 2.116(C)(8). Defendants argued that plaintiffs lack standing to assert their claims under the RSC because they have no legally protected interest in the district's decision to suspend or expel students under MCL 380.1311a(1). Defendants further argued that the RSC does not create a private cause of action by teachers or education associations, but merely sets forth the powers and duties of the school board in disciplinary proceedings. According to defendants, a private cause of action cannot be inferred under the statute because exclusive remedies are set forth in MCL 380.1801 to 380.1816. Defendants maintain that, if plaintiffs had standing to bring their claim, MCL 380.1311a(1) provides that the school board has the sole power to determine whether a student physically assaulted a teacher and findings by a school board are generally deemed conclusive by our courts. Defendants claim that plaintiffs are not entitled to a writ of mandamus or declaratory judgment because there is no clear legal right of performance and the decision whether to expel the students involves the exercise of discretion.

In response, plaintiffs asserted that the Legislature enacted MCL 380.1311a(1) to provide safe environments for teachers and, therefore, teachers have a legal interest in teaching in a safe environment. Plaintiffs further asserted that the plaintiff teachers suffered injuries in fact when they were assaulted and their legally protected interest in their own safety was invaded when the assaults occurred. Further, plaintiffs opined, "By refusing to expel students as required by

statute, Defendants invaded the Plaintiff Teachers' legally protected interest in having a safe work environment . . . ." According to plaintiffs, they have standing to assert their claims for the above reasons and because, as a remedial statute, MCL 380.1311a(1) should be liberally construed in favor of the teachers. Alternatively, plaintiffs argue that a private cause of action should be inferred because there is no other adequate remedy or procedure to enforce the statute. Plaintiffs also maintained that the school board does not have the exclusive power to determine whether an assault occurred and that its duty to expel a student who commits an assault is not discretionary.

The trial court heard oral argument on June 20, 2007, and granted defendants' motion for summary disposition. The trial court reasoned that, while MCL 380.1311a(1) requires the expulsion of a student who commits a physical assault, the Lansing School Board has the discretion to determine whether a physical assault occurred within the meaning of the statute. The court further concluded that trial courts should not oversee the individual disciplinary decisions of a local school board. Accordingly, the court issued a written order that granted summary disposition to defendants.

II. ANALYSIS

A. SUMMARY OF HOLDING

This case centers on the question whether plaintiff teachers and their union have standing to maintain their lawsuit against the defendant school board and district. Standing is a constitutional principle that ensures that the judiciary considers only those cases in which a claimant has, or is about to suffer, a concrete injury. *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726,

734; 629 NW2d 900 (2001). As our Supreme Court reiterated in *Lee,* " '[i]t is the role of courts to provide relief to claimants . . . who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution.' " *Id.* at 735-736, quoting *Lewis v Casey,* 518 US 343, 349; 116 S Ct 2174; 135 L Ed 2d 606 (1996). Constitutional standing requires a three-part analysis of whether a plaintiff has suffered an injury in fact caused by the defendant, and whether that injury can be redressed by the court.

Plaintiffs claim that they have established each element of constitutional standing. However, under well-established Michigan law, we must disagree. At the same time, we are aware that the safe schools legislation at issue here is intended to make schools safer for both students and teachers and it is unfortunate that the statute does not confer a right to require enforcement of provisions of the safe schools act if the school board fails to comply with the law or for teachers to pursue claims under the act when they experience the kind of student behavior cited in plaintiffs' complaint.[1]

---

[1] In other factual contexts, federal courts have found an implied private cause of action for damages for students or teachers under federal statutes if a school district fails to take appropriate action in the face of continued, discriminatory harassment, e.g., *Gebser v Lago Vista Independent School Dist,* 524 US 274; 118 S Ct 1989; 141 L Ed 2d 277 (1998); *Davis v Monroe Co Bd of Ed,* 526 US 629; 119 S Ct 1661; 143 L Ed 2d 839 (1999); *Patterson v Hudson Area Schools,* 551 F3d 438 (CA 6, 2009); *Plaza-Torres v Rey,* 376 F Supp 2d 171 (D PR, 2005), but see *Stevenson v Martin Co Bd of Ed,* 2001 WL 98358 (CA 4, 2001), and *Moore v Dallas Independent School Dist,* 557 F Supp 2d 755 (ND Tex, 2008) (rejecting 42 USC 1983 claims for injuries caused by student violence). In some state cases, courts have held that liability may be imposed on a school board or district for a teacher's injuries if administrators assumed a duty to act on the teacher's behalf and knew that a failure to act could result in harm, e.g., *Taubin v City of New York,* 187 Misc 2d 327; 723 NYS2d 601 (2001).

However, it is within the province of the Legislature to enact such a process and we are bound by the language of the statute.

Plaintiffs argue that the statute at issue, MCL 380.1311a(1), directly, and by implication, confers standing on them to bring this action. However, our courts have held that, in almost all cases, if a plaintiff has not met the constitutional minimum criteria for standing, he or she may not proceed on the theory that standing is statutorily conferred because to do so "would inappropriately involve the judiciary in 'deciding public policy, not in response to a real dispute in which a plaintiff had suffered a distinct and personal harm, but in response to a lawsuit from a citizen who had simply not prevailed in the representative processes of government.' " *Michigan Ed Ass'n v Superintendent of Pub Instruction*, 272 Mich App 1, 8; 724 NW2d 478 (2006), quoting *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608, 615; 684 NW2d 800 (2004). Accordingly, and because plaintiffs have failed to satisfy the constitutional standing requirement, the trial court properly dismissed their case.

### B. LAW AND ANALYSIS

Plaintiffs filed their complaint pursuant to MCL 380.1311a, which provides, in relevant part:

---

In contrast, here, plaintiffs seek to compel the school board to expel each student for an individual assault against one of their teachers. Plaintiffs do not allege any discriminatory or ongoing harassment and they do not seek monetary damages. Accordingly, the theories raised in the above cases offer little guidance for our analysis. We note, however, that other federal courts have specifically held that no private cause of action arises under the federal Safe and Drug-Free Schools and Communities Act, 20 USC 7101 *et seq.*, because, like here, the statute does not create an enforceable substantive right and does not put schools on notice that they can be sued for violating its terms. See *Stevenson, supra.*

(1) If a pupil enrolled in grade 6 or above commits a physical assault at school against a person employed by or engaged as a volunteer or contractor by the school board and the physical assault is reported to the school board, school district superintendent, or building principal by the victim or, if the victim is unable to report the assault, by another person on the victim's behalf, then the school board, or the designee of the school board as described in section 1311(1) on behalf of the school board, shall expel the pupil from the school district permanently, subject to possible reinstatement under subsection (5). A district superintendent or building principal who receives a report described in this subsection shall forward the report to the school board.

\* \* \*

(12) As used in this section:

\* \* \*

(b) "Physical assault" means intentionally causing or attempting to cause physical harm to another through force or violence.

### i. CONSTITUTIONAL STANDING

Defendants argued in the trial court that plaintiffs lack constitutional standing to maintain their claim. As summarized above, "[t]he concept of standing in the context of a legal proceeding means that a party must have suffered an actual, particularized impairment of a *legally protected* interest, that the opposing party can in some way be shown to be responsible for that impairment, and that a favorable decision by a court could likely redress that impairment." *Walgreen Co v Macomb Twp*, 280 Mich App 58, 62; 760 NW2d 594 (2008) (emphasis in original). Accordingly, as our Supreme Court explained in *Nat'l Wildlife Federation, supra* at 628-629:

At a minimum, standing consists of three elements:

"First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical." ' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . traceable to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " [Citations omitted.]

The trial court correctly dismissed plaintiffs' claims because they failed to establish the elements of constitutional standing. Plaintiffs alternatively characterize their "injury in fact" as the individual "physical assaults" endured by the four teachers and the school board's failure to expel the four students. On one hand, the allegations indicate that the students struck each teacher and, therefore, the teachers sustained what could be characterized as "injuries." However, these injuries are not traceable to defendants. Neither the school board nor the school district caused the teachers' injuries and, therefore, these cited "injuries in fact" do not meet the second element of standing. The injuries were caused by students who are not parties to this action and there is no connection between the injuries alleged and any conduct by defendants.[2]

Plaintiffs also claim, however, that they were injured by defendants' failure to expel the four students because defendants' inaction allegedly invaded the plaintiff teachers' legally protected interest in working in a safe school environment. We hold that this asserted injury does not confer standing because it is not con-

---

[2] Indeed, nothing prohibits teachers from filing claims against those who have committed torts or engaged in criminal behavior.

crete, particularized, actual, or imminent. Though we agree that teachers have an interest in working under safe conditions, this is a general proposition and defendants' failure to expel the four students would only hypothetically invade that interest. It is also conjectural to assume, in light of the conduct set forth in the complaint, that the mere suspension of the students, as opposed to their expulsion, would place the teachers' safety in jeopardy. There is no allegation that the students pose a continuing threat and this does not meet the requirement that a plaintiff's injury be particularized and imminent. For the same reasons, plaintiffs' allegations do not meet the third prong of the test to establish standing. Were plaintiffs to prevail on the writ of mandamus and were the trial court to force the school board to commence expulsion proceedings, it is speculative whether this would redress plaintiffs' alleged injuries. The expulsion proceedings may or may not result in the expulsion of the students, depending on the factual and legal determinations that are the province of the school board. Further, here, the incidents occurred between 2005 and January 2007, and there is no allegation that the students remain in the school or in plaintiffs' classrooms.[3]

For the reasons set forth above, the individual teachers lack standing to sue defendants for their alleged injuries. In turn, the Lansing Schools Education Association, MEA/NEA, also lacks standing. "An organization will have standing to advocate the interests of its members 'where the members themselves have a suffi-

---

[3] Defendants asserted in the trial court that only one of the four students returned to the same school after the assault, and none of the students returned to plaintiffs' classrooms. Plaintiffs appear to accept this assertion as true. However, because this Court must limit its review to the allegations in plaintiffs' complaint, we do not rely on this fact as part of our analysis.

cient stake or have sufficiently adverse and real interests in the matter being litigated.' " *MOSES, Inc v Southeast Michigan Council of Government*, 270 Mich App 401, 414; 716 NW2d 278 (2006), quoting *Trout Unlimited, Muskegon-White River Chapter v City of White Cloud*, 195 Mich App 343, 348; 489 NW2d 188 (1992). However, if the members lack standing as individual plaintiffs, the organization also lacks standing to bring suit. *MOSES, supra* at 414. Because the teachers do not have standing, the union also lacks standing.

ii. STATUTORY STANDING

The above analysis addresses plaintiffs' lack of constitutional standing to maintain their claims. Plaintiffs also contend that MCL 380.1311a(1) confers standing to bring a private cause of action to enforce its provisions. "Statutory standing 'simply [entails] statutory interpretation: the question it asks is whether [the Legislature] has accorded *this* injured plaintiff the right to sue the defendant to redress his injury.' " *Miller v Allstate Ins Co*, 481 Mich 601, 607; 751 NW2d 463 (2008), quoting *Graden v Conexant Sys, Inc*, 496 F3d 291, 295 (CA 3, 2007) (emphasis in original). However, our courts have held that, except in a few narrowly prescribed circumstances not applicable here,[4] if a party lacks constitutional standing, a claim may not proceed on the basis of statutorily conferred standing. As this Court explained in *Michigan Ed Ass'n, supra* at 9, the Legislature may not confer standing on a party who does not meet the constitutional test for standing because it

---

[4] These exceptions include "the ability of the Michigan Supreme Court to offer advisory opinions, the ability of taxpayers to sue to enforce the Headlee Amendment, and the ability of any citizen of the state to bring injunctive or mandamus proceedings to enforce state civil service laws." *Michigan Ed Ass'n, supra* at 8 n 1, citing *Nat'l Wildlife Federation, supra* at 624-625.

violates the separation of powers. Citing *Nat'l Wildlife Federation, supra* at 615-616. Indeed, if a statute "confers standing broader than the limits imposed by Michigan's constitution," it is unconstitutional. *Michigan Citizens for Water Conservation v Nestlé Waters North America Inc*, 269 Mich App 25, 87; 709 NW2d 174 (2005), rev'd in part on other grounds 479 Mich 280 (2007).[5] Accordingly, we need not analyze whether MCL 380.1311a(1) confers standing on plaintiffs because, for the reasons set forth above, plaintiffs have not satisfied the elements of constitutional standing.[6]

---

[5] In support of their position, defendants cite an unpublished opinion, *Johnson v Detroit Federation of Teachers*, unpublished opinion per curiam of the Court of Appeals, issued January 24, 2006 (Docket No. 256289). In *Johnson*, the plaintiff teacher, Debra Johnson, alleged that she was sexually assaulted by three students at school. None of the students was suspended or transferred out of the school. Among other claims, Johnson sought damages for the school district's alleged failure to expel the students under MCL 380.1311a(1). This Court held that Johnson failed to properly present her issue for appeal, but also ruled that there is no private cause of action under the statute. The Court reasoned that the statute provides no specific right to relief for the plaintiff, and it also contains an adequate means of enforcement of its provisions as set forth in MCL 380.1804. Though *Johnson* is unpublished, MCR 7.215(J)(1), and it involved a claim for damages and this case does not, we agree with the Court's reasoning to the extent that the statute provides for criminal prosecution if a board member fails to comply with the statute.

[6] In any case, the statute does not specifically confer standing on plaintiffs to maintain a cause of action against the school board and district. MCL 380.1311a(1), and the RSC generally, set forth the powers and duties of the school board. Nothing in the plain language of MCL 380.1311a(1) indicates that a teacher may bring a cause of action to ensure that a student is expelled from school. The RSC also contains specific enforcement provisions. Pursuant to MCL 380.1804, "a school official or member of a school board or intermediate school board or other person who neglects or refuses to do or perform an act required by this act, or who violates or knowingly permits or consents to a violation of this act, is guilty of a misdemeanor punishable by a fine not more than $500.00, or imprisonment for not more than 3 months, or both." Thus, a school board member or other official who fails to perform a duty under

For the above reasons, we affirm the trial court's dismissal of plaintiffs' case under MCR 2.116(C)(8). We also observe that the trial court was arguably correct when it opined that, to find that individual teachers have standing to enforce the expulsion provisions in MCL 380.1311a(1) would essentially authorize our courts to review school boards' individual expulsion decisions across the state when teachers or other school personnel disagree with a particular outcome. Not only would this burden our courts, the Legislature's chosen language in no way suggests that it intended for courts to oversee such individual decisions when complaints are brought by third parties. As defendants assert, MCL 380.1311a(1) necessarily requires a school board to use its discretion to determine whether a student has committed a "physical assault" on a school employee, volunteer, or contractor. Pursuant to MCL 380.1311a(12)(b), a " '[p]hysical assault' means intentionally causing or attempting to cause physical harm to another through force or violence." The reporting by a teacher of the conduct outlined in plaintiffs' complaint does not *require* expulsion as plaintiffs maintain. Rather, expulsion is required if the student committed such an assault, but it is necessarily within the

the act may be held criminally liable, presumably through charges filed by a prosecutor or by the Attorney General's office.

We also disagree with plaintiffs that standing can be *inferred* because the means for enforcing MCL 380.1311a(1) are inadequate. The means of enforcement are set forth in MCL 380.1804, and MCL 380.1311a(1) creates no private cause of action. While plaintiffs contend that the reference to criminal liability is insufficient because "[t]here is no clear procedure established in MCL 380.1804 or elsewhere in the RSC, which actually addresses the reporting of or handling of complaints or violations," we found no caselaw in which standing was conferred on a party merely because a statute lacked "clear" procedures, particularly where the means of enforcement are plainly articulated in the statute. We presume that potential criminal liability would arise through the normal course of filing a criminal complaint with the appropriate law enforcement agency and that further explication of that process is unnecessary.

discretion of the school board to determine whether such an assault actually occurred. Accordingly, we disagree with plaintiffs' description of the school board's responsibility as merely "ministerial." In any case, plaintiffs' characterization would not confer standing on plaintiffs where it is otherwise lacking.

Affirmed.