*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VIOLET M. ROWE TRUST,

      Plaintiff-Appellant,

v

MICHAEL D. DUBACH, KENNETH J. WALKER,
and JUDITH M. WALKER,

      Defendants-Appellees.

UNPUBLISHED
September 02, 2025
9:58 AM

No. 370088
Wayne Circuit Court
LC No. 19-012453-CZ

Before: MARIANI, P.J., and MURRAY and TREBILCOCK, JJ.

MURRAY, J. (*concurring in part, dissenting in part*).

The majority correctly holds that the trial court did not abuse its discretion when it considered the untimely motion to dismiss and motion in limine, particularly when plaintiff had the opportunity to respond before the motions were heard and decided. However, I respectfully part ways with the majority on its reversal of the order granting the motion to dismiss, as there was no factual dispute that the property previously held by the Violet M. Rowe Trust was transferred for consideration to an individual, Richie A. Nettles, while the case was pending, and thus the Trust was not the real party in interest to pursue these claims. I would affirm.

As an error-correcting Court our role is to review the arguments made by the parties and decide whether an error occurred such that the order on appeal must be reversed. In performing that function, we rely on the parties to make the arguments against, or in favor of, the order on appeal. See *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998), and *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) (both recognizing that the appellant must make the arguments for this Court to properly resolve them). As briefly explained below, plaintiff's arguments on appeal do not warrant reversal of the order granting the motion to dismiss.

As recounted by the majority, the Walkers moved to dismiss the case on the ground that the Trust lacked standing to maintain the lawsuit because it transferred the property at issue to Nettles while the case was pending. Submitted in support of the Walkers' motion were two pieces of evidence: (1) a Property Transfer Affidavit signed by Nettles certifying that the property was sold to Nettles in December 2022 for $1.00 consideration, and (2) a private note entry made by a

county register of deeds employee detailing a conversation had with counsel for the Trust about how the affidavit was submitted in error. Aside from arguing the untimeliness of the motion, the Trust argued that it never transferred the property and instead filed the affidavit merely to notify the local assessor that Nettles was the new beneficiary of the Trust, as required by law. The only evidence submitted by the Trust in opposition was a copy of Rowe's death certificate (and her predeceased husband's) and the deed whereby the Trust originally received the property in 2007. The Trust also argued that the actual deed transferring the property (if it existed) was not submitted by the Walkers.

Focusing on this evidence, as it was the only evidence submitted to the trial court before its decision on the motion, see *Pena v Ingham Co Rd Comm*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003), the Trust did not raise any evidentiary challenge to what was contained in the affidavit. The death certificates and 2007 deed do not address or place into question what Nettles himself certified about what had occurred in December 2022. And, on appeal, the Trust only argues that those pieces of evidence, and not what was contained in the register of deeds private note, created a question of material fact.[1] Thus, unlike the majority, I would not rely on the note in deciding this issue, as the Trust has not addressed it in its argument. But, even if it was considered, the note does not create a material factual dispute. All the note conveys is what a third party said during a phone conversation with a register of deeds employee: that the affidavit "was filed in error" and that there was no "corresponding deed . . . ever filed dispersing from the trust." But whether the affidavit was mistakenly filed, or whether the deed was never filed, does not place into question what Nettles stated—that the property was transferred to him, that he paid consideration for it, and that a deed was created to do so. Because there was no material factual dispute as to the Trust's ownership of the property, the Trust was not a real party in interest and the matter was properly dismissed. See generally *Guardian Depositors' Corp v Keller*, 286 Mich 403, 415-416; 282 NW 194 (1938), and *Walgreen Co v Macomb Twp*, 280 Mich App 58, 65; 760 NW2d 594 (2008).[2]

Based on the arguments made here, and based on the evidence submitted to the trial court, I would affirm.

/s/ Christopher M. Murray

---

[1] As the majority notes, the Trust does attempt to argue evidence created in 2025, well after the appeal was filed and the decision was made by the trial court, which we cannot consider on appeal.

[2] Importantly, the record does not disclose that the Trust moved the trial court to substitute Nettles for the Trust. Nor does the Trust argue on appeal that some of the claims asserted in the complaint could still be maintained by the Trust even if it is no longer the owner of the property.